CHARLES STRAND v. THE CHICAGO AND WEST MICHIGAN RAILWAY COMPANY.

*Negligence—Directing verdict—Alighting from moving train—Contributory negligence.*

1. Where, in a suit for damages for injuries sustained by the alleged negligence of a railroad company, the court directed a verdict for the defendant on the ground of contributory negligence on the part of the plaintiff,—
   *Held,* that the plaintiff had a right to have his own side of the controversy assumed to be true, unaffected by counter-proofs.

2. A passenger on a railway train was near the car door when his station was called, and, as soon as the train stopped, arose and moved out, preceded by one person and followed by two others. On reaching the door he went out, and down the steps on the platform side, and, when he stepped off, fell and received the injury for which suit is brought. He got out as fast as he could, and the cars moved off before he could get off. There was testi-

mony to the effect that the conductor seized plaintiff's coat, and held it while he alighted.

*Held,* that in order to make plaintiff *necessarily* negligent, he must, as in other cases, decide upon facts as they appear, as a man of ordinary care would do under the same circumstances. It is not right of any passenger to run evident risks to his safety; but the rule of prudence binding on him must be that which, under just such circumstances, would restrain *all* men of *ordinary* prudence. If the mind of an ordinarily prudent man would be impressed with a belief of danger, he has no right to incur the danger; but if the danger would not be apparent, he is not negligent in acting on that assumption. Precedents cannot aid the Court very much, where a few differences in the surroundings may make a great difference in the dangers. The principle stated is what all courts agree on, and it must stand as the rule by which to be guided.

*Held,* further, that the trial court had no right to determine that the speed of the cars was such that plaintiff was bound, as he was situated, to refrain from getting off, or that the getting off unhindered would probably have caused the mischief, but the case should have been submitted to the jury.

Error to Kent. (Montgomery, J.)   Argued November 16, 1886.   Decided January 13, 1887.

Case. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Birney Hoyt,* for appellant.

*Smith, Nims, Hoyt & Erwin,* for defendant.

[This case was again before the Court at the October term, 1887 (34 N. W. Rep. 712), and a summary of the briefs of counsel, with authorities cited, will appear with the later opinion in the case.—REPORTER.]

CAMPBELL, C. J.   Plaintiff fell when leaving one of defendant's trains, and had his foot crushed. He sued for damages, and the court refused to allow him to recover, because he was held to have been contributory by negligence to the injury. The case comes up on error, and he claims he had a right to have the jury pass on the facts.

In such a case the plaintiff has a right to have his own side of the controversy assumed to be true, and it cannot be affected by counter-proofs.   There was in this case some conflict on material facts, and on the argument, through inadvertence, allusion was made more or less to defendant's proofs.

Taking plaintiff's case as he and his witnesses present it, he and several other persons were in the smoking car of a regular passenger train, having tickets for Diamond Lake, in Newaygo county.   Just before reaching that place, it was called.   Plaintiff sat within four or five feet of the door, and, as soon as the train stopped, he rose and moved out, preceded by one person and followed by two others.   On reaching the car door he went out, and down the steps on the platform side, and when he stepped off he fell.   He testified that his coat was caught or held by something or somebody, and that threw him down.   The other persons who followed him got off after he did, on the other side, safely.   The person who preceded him also got off safely on the same side, and is not certain whether the car had then started.   All testify that they got out and off as fast as they could.   When plaintiff got off the cars were moving, and there is a very great conflict of testimony how fast they moved.   The conductor was behind plaintiff, on the same steps, and got off with or after him.   One of defendant's witnesses said they came off together, and it seemed to him as if the conductor was holding him on.

In considering the particular question before us, it must be assumed that all these parties moved immediately on the stopping of the car, and got out as fast as they could, and that the cars moved on before they could get off.   There is more or less testimony about minutes, and similar divisions of time; but they were not timed by any watch, and must be taken in the popular sense, which does not indicate any particular number of seconds.   And the question is simply

whether a person near a car door, who is warned to get off, and endeavors to do so as soon as he can, and steps off the cars, which have started in that brief interval, is necessarily negligent. Their speed was in some controversy.

In order to make him so, he must, as in all other cases, decide upon facts as they appear, as a man of ordinary care would do under the same circumstances. It is not right of any passenger to run evident risks to his safety; but the rule of prudence binding on him must be that which, under just such circumstances, would restrain all men of ordinary prudence. If the mind of an ordinarily prudent man would be impressed with a belief of danger, he has no right to incur the danger. If the danger would not be apparent, he is not negligent in acting on that assumption.

We cannot be aided very much by precedents, where a few differences in the surroundings may make a great difference in the dangers. The principle stated is what all courts agree on, and it must stand as the rule to guide us.

The conduct of a person under such circumstances cannot be severed from the circumstances themselves. According to the case made by plaintiff, the defendant had undertaken to land him at Diamond Lake, with sufficient warning and sufficient stoppage to enable him to get off from the train without hurrying or perplexing him. He had therefore a right to expect he could do so. The cars began to move before there was time to get off conveniently, but while he was on the way from his seat to the steps, and as he was coming out, or just after. That circumstance would have a tendency to disturb and hurry him. It would be absurd to expect of a person, thus suddenly called on to decide, the same coolness and calculation that an uninterested by-stander might manifest.

It is plain enough that the motion of a train may be such as to indicate danger to any sensible person. But cars do not instantaneously reach fast motion, and a person who has been

asked to alight, and is proceeding to do so, may not unreasonably assume it is safe, unless his senses tell him plainly to the contrary. The mere fact that other persons do as he does is not necessarily enough to justify him in what he does. But the fact that others, warned as he was, are moving in the same way to get off, and do get off safely after he got off, has some bearing on the actual speed of the cars and the danger of the attempt. If the conductor, although with the best of motives, held his clothes as he was stepping off, the jury might very well have regarded *that*, as plaintiff considered it, as an active cause of the result in jerking him down; and there was testimony from which the jury might have come to that conclusion.

We do not think that the court below had a right to determine that the speed of the cars was such that plaintiff was bound, as he was situated, to refrain from getting off, or that the getting off unhindered would probably have caused the mischief. The case should have been submitted to the jury.

The judgment must be reversed, and a new trial granted.

The other Justices concurred.