SMALLEY *v.* DETROIT & MACKINAC RAILWAY CO.

1. RAILROADS—DUTY TO PASSENGERS—OPPORTUNITY TO ALIGHT FROM TRAIN.

It is the duty of a railroad company to stop its train a sufficient length of time at a station to enable its passengers, moving with reasonable promptness, to alight therefrom; and what time will be deemed sufficient in a given case may depend somewhat on whether the cars are crowded or otherwise.

2. SAME—NEGLIGENCE.

When a passenger has reached the platform of the car in his efforts to alight, and finds the train moving, it is negligence on the part of the company to cause the train to be stopped so suddenly as to throw him therefrom, without having made any effort to secure his safety.

3. SAME—CONTRIBUTORY NEGLIGENCE—QUESTIONS FOR JURY.

Plaintiff started to leave a crowded railway train during its stop at a station, but when she reached the platform, holding a valise in one hand and the train of her dress in the other, the cars had started. The brakeman, on being informed that she desired to alight, pulled the bell rope, and the train stopped suddenly, throwing her off and injuring her. The length of time that the train stopped in the first instance was in dispute. *Held:*

(1) That whether the train stopped a sufficient length of time to permit plaintiff to alight was a question for the jury.

(2) That it was also for the jury to say whether she was guilty of contributory negligence in not re-entering the car or holding to the railing when she ascertained the situation.

(3) That defendant could not complain of the submission to the jury of the question of the brakeman's negligence in failing to warn plaintiff, or to take steps to protect her, before stopping the train.

4. TRIAL—INSTRUCTIONS TO JURY.

A charge to the jury is to be read as a whole in determining whether the cause was fairly submitted.

Error to Bay; Shepard, J. Submitted October 8, 1902. (Docket No. 4.) Decided October 28, 1902.

Case by Juna E. Smalley against the Detroit & Mackinac Railway Company for personal injuries. From a judgment for plaintiff, defendant brings error. Affirmed.

On Sunday, August 25, 1901, defendant ran an excursion train from Bay City to Alpena. Plaintiff was a passenger on the return trip from Alpena, and designed to alight from the train at Pinconning, where she resided. The train was composed of an engine and ten cars. There was a double train crew, consisting of one conductor and an assistant, two brakemen, and a baggageman, who had no baggage to handle, and assisted in the conduct of the train by repeating the conductor's signals to the engineer. After making the stop, the "all-right" signals were passed from man to man along up from the rear of the train, and finally, as given by the conductor, were confirmed by the baggage master, standing in the baggage car, where he could see the engineer and conductor. The train was crowded, and passengers were standing in the aisles. The train arrived at Pinconning at 9:30 p. m. ' Plaintiff, with her valise and umbrella, was seated near the middle of the fourth car from the engine. A man sat in the same seat, next to the aisle. As soon as the train stopped, plaintiff, according to her own testimony and that of others, arose from the seat and started towards the front platform of the car, intending to alight. She made due effort to reach the platform in time. She was somewhat obstructed by the man in the seat with her, and by others standing in the aisle. On arriving at the door, the train had started. The brakeman stood upon the platform, and asked if she desired to alight. She informed him that she did. She was then holding her umbrella and valise in one hand, and the train of her dress in the other. Without warning or assisting her, he immediately pulled the cord to signal the engineer to stop. He testified that he received no response to this signal, and stepped inside the car ahead, and pulled the cord there. The engineer suddenly stopped the train, and the plaintiff was thrown off and injured.

131 Mich.—36.

There was a conflict of evidence as to the time during which the train stopped at the station for passengers to alight. The passenger in front of plaintiff testified that the train started while she stood upon the lower step. At this time plaintiff was approaching the front door of the car as rapidly as she could. Plaintiff recovered verdict and judgment.

*T. A. E. & J. C. Weadock*, for appellant.

*Isaac A. Gilbert* (*De Vere Hall*, of counsel), for appellee.

GRANT, J. (*after stating the facts*). 1. The negligence alleged is the failure to stop the train a reasonable length of time for her to alight, and the sudden stoppage of the train without notice or warning, or giving her sufficient time to re-enter the car. It is admitted that no warning was given, but it is insisted that she knew of the danger, and was herself negligent in not re-entering the car, or taking reasonable precautions to protect herself.

The conflict of testimony upon the length of time the train stopped rendered the question a proper one to submit to a jury. Every passenger is entitled to sufficient time within which to alight after the train has stopped. 3 Thomp. Neg. § 2876. It is also the duty of the passenger to move with reasonable promptness and speed. If railroad companies see fit to permit their cars to be crowded beyond their capacity, either upon excursions or otherwise, they are bound to see that passengers have a reasonable time, and are afforded reasonable facilities, to extricate themselves from the crowd and alight. The length of time will depend upon circumstances. Where the train is crowded and passengers are occupying the aisles, a longer time is required than when the train is occupied with the ordinary number of passengers.

Whether, as a matter of law, the brakeman, under his own testimony, was guilty of negligence in giving no warning to or taking no steps to protect the plaintiff be-

fore stopping the train, we need not determine. The question of negligence was left to the jury. If the conduct of the brakeman was negligence *per se*, the defendant has no cause of complaint because it was left to the jury. When a passenger has reached the platform in his efforts to alight, and finds the train moving, it is negligence to cause the train to be so suddenly stopped as to throw the passenger down, when no reasonable effort has been made to secure his safety. The evidence upon all these points was sufficient to justify the court in submitting the question of the defendant's negligence to the jury.

2. The question of contributory negligence was properly left to the jury. Plaintiff was notified and invited to alight. According to her evidence, she had exercised diligence in moving to the platform for that purpose. Arriving upon the platform, she found the train in motion. Instantly the brakeman signaled the engineer to stop. Evidently it was but a few seconds between her informing the brakeman that she desired to alight and the sudden stoppage of the train. The brakeman acted in great haste. The risk of stopping a train under these circumstances was not one of the risks assumed by travelers. We cannot say that she was guilty of contributory negligence in not attempting to re-enter the car, or to let go of her dress and take hold of the railing to protect herself. Her conduct, in view of all the testimony, became a question for the scrutiny of the jury. It cannot be said that the average prudent person would have acted differently from what she did, in view of the entire surroundings. It is unnecessary to discuss the facts further. The case is squarely within *Strand* v. *Railway Co.*, 64 Mich. 216 (31 N. W. 184).

3. The learned counsel for defendant have selected a few isolated sentences from the charge of the court, and allege error upon them. When read in connection with the entire charge, they become harmless, even if they were erroneous. The learned judge very clearly in his charge, read as a whole, left to the jury the two questions

of negligence and contributory negligence, with ample evidence on which to sustain the conclusions reached by the jury.

The judgment is affirmed.

HOOKER, C. J., MOORE and MONTGOMERY, JJ., concurred.