140  437
s153  581

ANDERSON CARRIAGE CO. *v*. PUNGS.

1. APPEAL AND ERROR—DECISION ON FORMER APPEAL—RULE OF CASE.
    A determination on a former review that the case is for the jury is binding on a subsequent review, the evidence being in legal effect the same.

2. EVIDENCE — MATERIALITY — FACT ESTABLISHING ANTECEDENT PROBABILITY OF OTHER EVIDENCE.
    A fact which, though not necessary to the completeness of plaintiff's case, lends probability to otherwise improbable or unnatural testimony in plaintiff's favor is admissible.

Error to Wayne; Mandell, J. Submitted April 14, 1905. (Docket No. 73.) Decided June 8, 1905.

Assumpsit by the Anderson Carriage Company against William A. Pungs for the breach of a contract to convey certain patents. There was judgment for defendant, and plaintiff brings error. Reversed.

*Russel & Campbell*, for appellant.

*Dwight C. Rexford*, for appellee.

CARPENTER, J. This is the second time this case has been before this court. Our former opinion will be found in 134 Mich. 474. On that occasion we reversed a judgment in favor of plaintiff. A second trial has been had, resulting in a judgment in favor of defendant. Plaintiff asks us to reverse that judgment. As the facts are fully stated in our former opinion, we content ourselves with making a brief statement: February 12, 1897, two corporations, viz., the Anderson Manufacturing Company and the Michigan Railway Supply Company, consolidated and formed a new corporation, known as the Pungs-Anderson Manufacturing Company, which subse-

quently, by change of name, became the Anderson Carriage Company, plaintiff herein. The capital stock of this new company was $170,000, of which $100,000 was distributed to the stockholders of the Michigan Railway Supply Company, and $70,000 to the stockholders of the Anderson Manufacturing Company. On the 31st of December, 1897, the American Brake Beam Company canceled a contract made between it and the Michigan Railway Supply Company. It is the claim of plaintiff that, as the result of this cancellation, the business contributed to the new or consolidated corporation by the Michigan Railway Supply Company became almost entirely worthless; that shortly thereafter it was orally agreed by said defendant, Pungs, that in consideration of the promise of certain officers of the consolidated company to continue their connection with the company, and to refrain from doing anything towards winding up its affairs, he would make good the loss resulting from the cancellation of said contract by transferring certain patents to said consolidated company; and that said Pungs, after the performance of said oral contract on the part of the officers of said consolidated company, refused to perform the same as agreed. This suit is brought to recover damages for breach of said oral contract.

In answer to plaintiff's claims of error, defendant contends that a verdict should have been directed in his favor. Defendant made the same contention on the former hearing of this case, when the record did not, in legal effect, differ from that now before us. He then advanced in support of his contention substantially the same arguments that he now advances. Our decision overruling that contention disposes of the present contention.

The disputed issue in this case was one of fact. The question was, Did defendant make the oral agreement to turn over the patents, as contended by plaintiff's witnesses? The testimony of plaintiff tended to prove that such an agreement was made. Defendant testified that no such agreement was made. As bearing upon the prob-

abilities, plaintiff sought to prove that at the time of the consolidation, 10 months before the agreement was made, defendant made " a statement or representation in regard to his business which it was proposed to contribute to the consolidation." The learned trial judge excluded this testimony and testimony showing the character of said representation. Was this ruling correct ? The excluded representation made by defendant as averred in the declaration, and as shown by the former record, was that the Michigan Railway Supply Company had an earning capacity equal to 10 per cent. of its capital stock, of $40,000 per annum. It may be conceded that the excluded representation was not essential to the legal completeness of plaintiff's case. It had no direct bearing upon defendant's liability. That liability depends upon whether or not defendant made the alleged oral agreement. If he made that agreement, he is liable. If he did not make it, he is not liable. The excluded representation was therefore important only because it bore upon the probability of the agreement having been made. In considering its admissibility, it is to be borne in mind that this is a peculiar case. Plaintiff claims that defendant, Pungs, a single stockholder in the Michigan Railway Supply Company, agreed to alone make up the entire shrinkage in the value of the business which that company contributed to the new corporation, and that he made this agreement upon a consideration not directly beneficial to him, but indirectly beneficial only because he was a stockholder in the corporation to which the consideration moved. In the absence of testimony such as was excluded, it would strike the ordinary mind with great force that there was no reason why defendant should have made such an agreement, and that therefore the testimony that he did so agree is very improbable. Under such circumstances, the argument would suggest itself to any intelligent jury, even if it was not suggested by counsel, as it may well be presumed it was, that such testimony is so improbable that it should be discredited. If, on the other hand, whether innocently

or otherwise, defendant had made the representation under consideration—that is, had brought about the consolidation by inducing the belief that the Michigan Railway Supply Company had an earning capacity of $40,000 per year—both the equity and probability of his undertaking to make good the loss of such earnings is apparent. If such representation was made, plaintiff's claim is equitable; if not, it is inequitable. If such representation was made, plaintiff's testimony respecting the alleged agreement is probable and credible; if not, it is improbable and incredible. We think, under such circumstances, the jury should have had the benefit of this excluded testimony. Without it, they got an imperfect and erroneous view of the situation. Authority for its admission is found in the reasoning of this court in *People* v. *Jenness*, 5 Mich. 323, 324, where, speaking through Justice CHRISTIANCY, it is said:

" In any case where a witness has testified to a fact or transaction which, standing alone and entirely unconnected with anything which led to or brought it about, would appear in any degree unnatural or improbable in itself, without reference to the facts preceding and inducing the principal transaction, and which, if proved, would render it more natural and probable, *such* previous facts are not only admissible and relevant, but they constitute a necessary part of such principal transaction—a link in the chain of testimony, without which it would be impossible for the jury properly to appreciate the testimony in reference to such principal transaction. And such previous facts should therefore be elicited by the examination of the party producing the witness. Any other rule in such a case would be grossly unfair towards the witness, render a trial a process for suppressing rather than eliciting the truth, and defeat the very objects for which courts of justice are instituted.

" In the order of nature, facts do not occur single and independent—isolated from all others—but each is connected with some antecedent fact or combination of facts from which the fact in question follows as an effect from a cause. Torn from this necessary connection, and exhibited alone, many real occurrences would appear under the guise of falsehood, and truth itself would be made to lie.

" To permit the evidence, therefore, of an isolated trans-- action, which could only be made to appear probable by exhibiting the antecedent facts which induced it, and yet to exclude from the investigation all such antecedent facts, would be to set at defiance the order of nature and the laws of truth which God has stamped upon the human mind."

During the examination of one of plaintiff's witnesses a remark was made by one of defendant's counsel which was uncalled for and which was improper. Whether or not it constituted reversible error, we do not feel called upon to determine.

There is no occasion to consider any other complaint.

For the error pointed out, the judgment is reversed, and a new trial granted.

MOORE, C. J., and McALVAY, OSTRANDER, and HOOKER, JJ., concurred.