ANDERSON CARRIAGE CO. v. PUNGS.

1. APPEAL AND ERROR—DECISIONS ON FORMER APPEALS—LAW OF THE CASE.
    A determination on a former appeal that plaintiff made a case for the jury, approved upon a second appeal, will be followed upon a third appeal, the record being in legal effect the same.

2. SAME—DECISION—RETRIAL—LAW OF CASE.
    Where it is contended that a ruling of this court on a former appeal as to the admissibility of certain evidence was used upon the retrial as an opportunity to introduce immaterial and damaging evidence, but an examination of the record satisfies the court that the trial court kept within the ruling, no error appears.

3. TRIAL—INSTRUCTIONS—MODIFICATION—PROPRIETY.
    A modification of a requested instruction, to the effect that the question presented by the instruction is an academic one, in view of the issues and evidence, is not prejudicial error, where the record warrants the charge as given, and the claims of the parties are clearly stated in other portions of the charge.

4. SAME—CHARGE AS A WHOLE.
> An assignment of error to a segregated portion of a charge
> will not be sustained on the ground that the agreement de-
> scribed therein did not constitute the agreement declared
> upon, where it is apparent from a reading of the entire para-
> graph that the court referred to the agreement relied upon.

Error to Wayne; Hosmer, J. Submitted February 28, 1908. (Docket No. 20.) Decided July 13, 1908.

Assumpsit by the Anderson Carriage Company against William A. Pungs for the breach of a contract to convey certain patents. There was judgment for plaintiff, and defendant brings error. Affirmed.

*Dwight C. Rexford*, for appellant.

*Russel, Campbell, Bulkley & Ledyard* (*Harrison Geer*, of counsel), for appellee.

MCALVAY, J. This is an action in assumpsit brought by plaintiff against defendant to recover damages for an alleged breach of contract between them. This is the third time the case has been before this court upon writs of error. The case is reported in 134 Mich. 474, and 140 Mich. 437. The statement of facts made the first time the case was considered by this court, supplemented by a further statement made the second time the case was before us, relieves the court from making any statement of such facts at this time. For such statement, reference is had to the volumes cited above.

Defendant, under the writ of error by which the case is brought here, has assigned numerous errors. The case is one which involved controverted questions of fact; the principal one of which was whether an oral agreement, as claimed by plaintiff, was made between the parties in January, 1898. The questions of law involved in the case have been settled in the former decisions, and there would appear to be no new questions before us except such as are incidental to every trial relating to the matter of

admitting or rejecting evidence and the charge of the court.

In his brief, the attorney for defendant states:

"This third record now here shows a materially different state of facts from what appeared in either of the two previous records. These differences will be particularly mentioned later on. They relate to the evidence as to the alleged agreement, and as to damages; also to various matters permitted * * * to be shown as his (defendant's) motive for making the alleged agreement, and also to differences in the court's charge to the jury."

In this opinion we will consider the case presented on this record by defendant, and his claims, in the order above stated, as near as may be, and we must compare the voluminous records in the three cases and determine whether these claims are well grounded.

1. It was decided upon the first review of the case, and approved upon the second review, that defendant's contention that a verdict should have been directed for him was not tenable. The same contention is again made, and supported by the same arguments as on the two former hearings, upon practically the same record. The court adheres to its former decision upon the question.

2. What has been said as to the previous contentions of defendant regarding the proof as to the contract may also be said upon the question of damages. Upon this question no material difference appears in the present record. The same arguments were urged on the first review. The question was passed upon at that time and is not an open one.

3. Upon the second review, a question was before the court upon the admission of evidence relative to representations made by defendant to plaintiff "in regard to his business which it was proposed to contribute to the consolidation." This evidence was excluded by the trial court. This court held in that case that the court was in error, that evidence bearing upon that proposition was material, not as bearing upon defendant's liability, but upon the probability of the agreement having been made.

The case was reversed for that reason. The trial court, following the indication given by this court, upon the last trial admitted such evidence. It is strenuously urged by defendant that the ruling of this court was used by plaintiff as an opportunity to get into the case a large amount of immaterial and damaging evidence. An examination of the evidence complained of satisfies us that the trial court kept within the ruling of this court upon that proposition, and that no error was committed.

It is claimed that portions of the charge of the court are not the same as approved by this court upon former hearings. The claim of defendant as to the agreement plaintiff relies upon has been, that, as proved, it was an agreement with the individuals Anderson and Locke, and not with the company. This court has held in a former decision of the case that this was a question of fact for the jury. A request to that effect was presented by defendant and given, with the added statement:

" I think so far as this case is concerned that request is a proper request, but to a certain extent it is rather an academic question, because there is no contention in this case that the promise was made otherwise than for the benefit of the corporation on the part of the plaintiff; and, so far as the defendant is concerned, there is an absolute denial that any promise was made, so that in no case could there be anything more, I think—anything further or other than a purely academic question."

This is complained of, as informing the jury that it was a matter of no importance in the case, and that they need not give it serious attention. The court had charged clearly that the promise, *as claimed* by plaintiff, must be proved by a preponderance of evidence, and that it must have been a promise to plaintiff company and not a promise to these persons as individuals. In view of the state of the testimony, what the court added, which is quoted above, was to the effect, that, under the evidence, if any promise was proved, it was a promise to the company, for the reason stated in the charge. This we do not think

was error, certainly no prejudicial error. The record warranted this charge.

Much testimony was put in the case bearing upon the motive for the promise it was claimed defendant had made. The charge of the court started out with such a statement and carefully called the attention of the jury to this testimony, and confined its purpose to that question alone. He then stated plaintiff's claim in the case as to the promise of defendant which was relied upon, to which portion of the charge there is no objection made. The court then proceeded to state what defendant had requested to charge relative to the fact that it was not possible for Anderson to close up the business at that time, as he had stated to defendant, and that there was no legal ground for such interference. The court then said:

" Be that as as it may, if Anderson had offered or proposed at the time, or Mr. Locke, or one or both of them, to withdraw their services from the corporation, and to go out and found a new corporation, or to make an effort to do that thing, I think that in itself, if they refrained from so doing, by reason of any promise which Mr. Pungs might have made in consideration of their remaining, would form a good consideration for such promise, if such promise were made."

So much of this portion of the charge as is just quoted verbatim is excepted to and error assigned thereon, on the ground that this did not constitute the agreement declared upon. A portion of a paragraph of the charge is segregated and claimed to be erroneous.

This court has said too often to be under the necessity of repeating, that the charge must be taken as a whole and dealt with in fairness. Had the entire paragraph been quoted, it would have been apparent to any fairminded person that the court referred to the agreement relied upon. The quotation concludes at the end of a clause, in the middle of a sentence. The sentence proceeds,

" And whether there was a promise made at all, be-

cause it is strenuously denied by Mr. Pungs that any promise was made of the character which plaintiff claims, and as it is asserted on behalf of plaintiff, becomes, gentlemen of the jury, a question * * * solely for your determination."

This charge was not erroneous. The other questions raised upon the charge necessary to refer to have already been disposed of, as stated above, on the former hearings.

Exceptions were taken to statements of counsel upon opening the case, and on the argument. We have examined the statements made, and hold them not to have been prejudicial. The record discloses no error.

The judgment is affirmed.

GRANT, C. J., and HOOKER, MOORE, and CARPENTER, JJ., concurred.