OTTAWAY *v.* GUTMAN.

TRIAL—INSTRUCTIONS—ISOLATED EXCERPTS.

> Where the charge, considered as a whole, fairly submitted to the jury the issue presented by the testimony, the case will not be reversed, although an isolated excerpt, standing alone and disconnected from the balance of the sentence or the balance of the charge, may be considered objectionable.

Error to Wayne; Wiest (Howard), J., presiding. Submitted January 6, 1921. (Docket No. 74.) Decided March 30, 1921.

Case by James Ottaway against William Gutman for personal injuries. Judgment for defendant. Plaintiff brings error. Affirmed.

*Lau, Edwards, Eyster & French,* for appellant.

*Schmalzriedt & Toms,* for appellee.

FELLOWS, J. This is the second appearance of this case in this court. See *Ottaway* v. *Gutman*, 207 Mich.

393. A reference to the former opinion will disclose the facts which need not be here repeated. Upon the first trial a verdict was directed for the defendant at the close of plaintiff's proofs. We held that, notwithstanding the improbability of the plaintiff's testimony, he was entitled to take the verdict of a jury. Another trial has been had and the case submitted to a jury. The result was a verdict for the defendant. Plaintiff again brings the case here and in one assignment of error groups four excerpts from the charge. We do not determine whether this assignment of error is sufficient under Supreme Court Rule No. 11, as we are satisfied that the charge as a whole fairly submitted the case to the jury. Two of the excerpts are but a portion of a sentence; and while one of these portions standing alone and disconnected from the balance of the sentence or the balance of the charge may be considered objectionable, that alone is not sufficient to work a reversal. What precedes and what follows— the context—must be read in connection with the objectionable excerpt, and the charge as a whole with the testimony must be considered to determine whether the case was fairly submitted to the jury, whether there is reversible error. In *Provost* v. *Brueck,* 110 Mich. 136, it was said:

"Isolated sentences might be selected which in themselves would be objectionable, but to which no valid objection can be made when they are considered in connection with the entire instruction."

See, also, *Beattie* v. *City of Detroit,* 137 Mich. 319; *Smalley* v. *Railway Co.,* 131 Mich. 560; *Anderson Carriage Co.* v. *Pungs,* 153 Mich. 580; *Custard* v. *Hodges,* 155 Mich. 361; *Wegner* v. *Herkimer,* 167 Mich. 587; *Bouma* v. *Dubois,* 169 Mich. 422.

When we consider the charge as a whole, the sentences as a whole, we are persuaded that the case was

fairly submitted to the jury. Plaintiff's testimony, as we held when the case was here before, took his case to the jury. Defendant's testimony not only made a strong case of contributory negligence, but also supported the inference that his automobile did not strike the plaintiff at all. The trial judge did not err in submitting the claims of the parties to the jury. His charge taken in its entirety fairly submitted to the jury the conflicting claims of the parties and the law applicable thereto.

There is no reversible error upon this record and the judgment is affirmed.

STEERE, C. J., and MOORE, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.

The late Justice BROOKE took no part in this decision.