PIERCE *v.* UNDERWOOD.

1. SECOND APPEAL—REVIEW.
A ruling on appeal becomes the law of the case to govern a new trial, and is not reviewable on a second appeal.

2. TROVER—DEMAND—WAIVER.
An attorney who, having in his hands money intrusted to him by his client to be returned on demand, notifies her that she is indebted to him for professional services in an amount exceeding the sum in his possession, cannot complain that a suit for the conversion of the fund is premature for want of a formal demand.

Error to Newaygo; Grove, J., presiding. Submitted February 2, 1897. Decided March 23, 1897.

Trover by Polly Pierce against Merritt W. Underwood. From a judgment for plaintiff, defendant brings error. Affirmed.

*A. F. Tibbitts*, for appellant.

*E. L. Gray*, for appellee.

MONTGOMERY, J. This case was before the court at a former term, and is reported in 103 Mich. 62, to which reference is made for a statement of the facts. The case has been retried at the circuit, and has resulted in a verdict and judgment in favor of the plaintiff. The brief of

the appellant raises the same questions which were discussed in the former case, and reargues them. We cannot review the questions which were there disposed of. If it is claimed that the conclusions of law reached on the former hearing were erroneous, the remedy is by a motion for a rehearing, but a ruling of this court in a case becomes the law of the case to govern a new trial, and is not subject to review thereafter.

The principal contest in the case upon a question of fact was whether the services rendered by the defendant for plaintiff were rendered under a special contract, by the terms of which he was to receive $15 as a retainer from the plaintiff in the divorce proceeding which she instituted, and look to the defendant in that proceeding for any further compensation; or whether, on the other hand, the services were rendered without any previous agreement, and are to be compensated for under the *quantum meruit.* This question of fact was fully and fairly submitted to the jury by the trial judge.

It is further contended that the proofs did not show that demand was made upon the defendant. The charge of the court apparently assumed that the demand had been proven. The plaintiff so testified, and, while the defendant testified that the plaintiff never made a demand on him for the money, it is apparent that he must have referred to a formal demand, for in another part of his testimony he swears that he had told the plaintiff that she owed him (defendant), indicating very clearly that he asserted a claim to all the money in his possession, and claimed more. Under these circumstances, we think it just to infer that the defendant understood that he was denying plaintiff's right, and that it is not open to him to claim that the suit was prematurely brought.

The judgment will be affirmed.

The other Justices concurred.