TERRILL *v.* MICHIGAN UNITED TRACTION CO.

1. COURTS—RULE OF LAW LAID DOWN TO BE APPLIED IN SUBSEQUENT PROCEEDINGS.

    A rule of law laid down by the Supreme Court in the decision of a cause is to be applied upon the same state of facts in all subsequent proceedings in the cause.

2. CARRIERS—STREET RAILWAYS—NEGLIGENCE—TRACKS INTERVENING BETWEEN CAR AND DEPOT.

    Where a street railway company stops a car where other tracks are between it and the depot, the rights of people having business with such depot and the duty of the company towards them are the same as if all of the

On duty to look and listen before crossing track of electric road, see notes in 15 L. R. A. (N. S.) 254; 23 L. R. A. (N. S.) 1224.

On injury to street car passenger who, upon alighting, passes around car, and is struck by car on another track, see notes in 4 L. R. A. (N. S.) 729; 21 L. R. A. (N. S.) 887.

intervening space between the depot and the car constituted the platform, and it is negligence on its part to allow another car to run between the alighting passenger and the depot.

3. SAME—CONTRIBUTORY NEGLIGENCE—RIGHT TO ASSUME INTERVENING TRACK CLEAR.

A passenger, while not absolved from the duty of exercising care for his safety, has the right to assume that the tracks intervening between the place where he alights and the station will be kept safe while he is crossing, and the mere fact that he fails to look and listen before attempting to cross such tracks does not, as a matter of law, constitute contributory negligence.

4. SAME—LOOK AND LISTEN RULE NOT STRICTLY APPLICABLE TO PASSENGER.

The rule requiring one about to cross a railroad track to look and listen does not apply in all its strictness to a passenger who alights from a street car and passes behind it to cross the intervening track to reach the depot.

5. TRIAL—MOTION FOR DIRECTED VERDICT—PLAINTIFF'S EVIDENCE MUST BE CONSIDERED MOST FAVORABLY ON DEFENDANT'S MOTION.

On a motion by defendant for a directed verdict plaintiff's testimony must be considered in the light most favorable to her.

6. CARRIERS—STREET RAILWAYS—PASSENGER CROSSING INTERVENING TRACK—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

Whether plaintiff, on alighting from a street car, was guilty of contributory negligence in attempting to cross an intervening track between it and the depot, when she was struck by a moving car, *held*, under the evidence, a question of fact for the jury.

7. SAME—TRIAL—INSTRUCTIONS—ISSUES PRESENTED.

Defendant's complaint that in the charge undue emphasis was given to the question of defendant's negligence and insufficient instruction given as to the question of plaintiff's contributory negligence, *held*, not supported by the record, the charge as a whole properly submitting the issues to the jury.

8. TRIAL—ARGUMENT OF COUNSEL—RIGHT TO ARGUE LAW.

Counsel has the right to argue his theory of the law to the jury.

9. CARRIERS—NEW TRIAL—EXCESSIVE VERDICT.
    A verdict for $6,680, *held*, under the evidence, not excessive.

Error to Ingham; Collingwood (Charles B.), J. Submitted May 3, 1921. (Docket No. 98.) Decided June 6, 1921. Rehearing denied October 3, 1921.

Case by Lenora Terrill against the Michigan United Traction Company for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Justin R. Whiting* (*Warren, Cady, Ladd & Hill* and *Harry E. Barnard,* of counsel), for appellant.

*Warner & Raudabaugh* and *Kelly, Brown & Boice,* for appellee.

CLARK, J. This case is reported in 204 Mich. 652. Michigan avenue runs east and west and connects the city of Lansing with the city of East Lansing. Defendant's tracks are in the street, and in front of its station or waiting room in Lansing the tracks are double. Plaintiff was a passenger from East Lansing to Lansing on one of defendant's street cars, west bound. When the car stopped in the street at the station plaintiff with her daughter alighted. Another street car stood several feet behind the one from which plaintiff had alighted. She attempted to pass between the cars to cross the south tracks and the street to go to the station. She was struck and injured by an east-bound car. Plaintiff's allegations of negligence are set out in the former opinion. She had upon the second trial verdict and judgment for $6,680 which defendant reviews on error.

1. In the former opinion the law of the case was quoted from 4 R. C. L. p. 1253. A considerable part of appellant's brief is devoted to criticism of that holding and is an effort to have it overruled. The facts

are substantially the same as upon the former trial. It is well settled that a rule of law laid down by this court in the decision of a cause is to be applied upon the same state of facts in all subsequent proceedings in the cause. See *Damon* v. *DeBar,* 94 Mich. 594; *Apsey* v. *Railroad Co.,* 104 Mich. 646; *Hickox* v. *Railway Co.,* 94 Mich. 237. Under the facts and the rule announced in the former opinion the question of defendant's negligence was for the jury and the refusal of defendant's request for a peremptory instruction was not error.

2. Defendant requested the following instructions:

"I instruct you that at the time of the accident in question the plaintiff was not a passenger of said defendant company, and that said defendant owed to plaintiff only the duty to use ordinary care as to her safety in going from the car from which she had alighted to the sidewalk or waiting room of said defendant.

"I instruct you that the relation of carrier and passenger existing between plaintiff and defendant at the time in question terminated when the plaintiff alighted from the car upon which she had been riding, and that the defendant owed her no further duty as a common carrier, and that at the time of the accident the relationship of passenger and carrier had ceased to exist and she had become a traveler upon the highway, and her duties and the duties of others toward her had only relation to the reciprocal rights which then existed between the carrier and herself.

"I instruct you that a street is not a passenger station for the safety of which a street railway company is responsible."

The court instructed:

"Did defendant company operate their cars in such a manner and at such a rate of speed that, considering all of the circumstances of the case, the double track, the fact that they had stopped in front of the regular public waiting room, the fact that plaintiff

had just alighted from the car and was going to said public waiting station, did they so run and operate their cars that defendant company was negligent under all the circumstances of the case. The Supreme Court of the State of Michigan have told us that when a railroad company stops a passenger train where other tracks are between it and the depot platform, the rights of people having business with such train and the duty of the company towards them are the same as if all of the intervening space between the depot and the train constitute the platform, and it is negligence on its part to allow another train to run between the passenger and the station at which the passengers are being taken on or discharged. They say further, in the case of the street car companies having regular stations at which the cars are in the habit of stopping for persons to get on and off, the same rule applies as in the case of railroad trains, and a passenger while not absolved from the duty of exercising care for his safety, has the right to assume that tracks intervening between the place where he alights and the station, will be kept safe while he is crossing, and the mere fact that he fails to look and listen before attempting to cross such tracks does not, as a matter of law, constitute contributory negligence."

The instruction followed the law of this case as announced. It was not erroneous. The request was properly refused.

3. Contending that on its motion a verdict should have been directed for defendant on the ground that plaintiff was guilty of contributory negligence as a matter of law counsel again insist that plaintiff's duty for her own protection against east-bound cars on the south track is to be measured by the holding in *Clark* v. *Railway*, 168 Mich. 457, and in *Davis* v. *Railway Co.*, 191 Mich. 131, and is not different because she alighted at the station stop and was proceeding across the tracks to the interurban station. But we think that the rule requiring one about to cross a railroad to look and listen does not apply in all its strictness

to one situated as was plaintiff, that the cases cited are not controlling and that the correct rule is stated in the former opinion.    See *Tubbs* v. *Railroad Co.,* 107 Mich. 108.

But counsel say:

"Even if the rule is to be different where a car is in front of a waiting room, and it may be said that a passenger alighting might consider this fact in reference to the care to be exercised, still in this case, we are not confronted with this situation, because the plaintiff frankly admits that she knew cars passed at this point and knew that she might expect one to pass at the very instant that she walked into this car. We most respectfully submit that the plaintiff's conduct here is without question such carelessness and negligence as should bar recovery."

Plaintiff testified that she, upon getting off the car, did not look west for an approaching car on the south track and that because of the crowd she thought that she could not have seen it.    She was familiar with the locality.    Viewing plaintiff's testimony in the light most favorable to her, as we must upon this motion, it appears that plaintiff was proceeding to the waiting room.    It had been called by the conductor.    Many passengers had alighted.    They were "swarming" out from the car.    Others had preceded her behind the car, across the tracks toward the station in safety. She meant to look from a point behind the standing car for approaching east-bound vehicles and cars. Before reaching the point for such observation she was startled by the call "Look out" of the motorman of the car in front of which she was passing and thinking he meant his car, she stepped out toward the south and was struck by the east-bound car.    Plaintiff said that when she attempted to pass between the cars she knew she might expect to meet a car upon the south track, that they had the "habit" of doing that, but this testimony is qualified by her statement that she

meant that cars were liable to run there but that she would not expect one to be running there. But assuming that it was the practice of defendant to run eastbound cars past cars standing on the north track in front of its station from which cars passengers were alighting and crossing the tracks to the station, and that such practice was known to plaintiff at the time of her accident, still it may not be said that plaintiff was guilty of contributory negligence, as a matter of law. Whether her conduct under all the circumstances, in any view of the case, was that of an ordinarily prudent person was for the jury.

4. Complaint is made that in the charge undue emphasis was given to the question of defendant's negligence and that sufficient instruction as to the question of plaintiff's contributory negligence was not given. The instruction upon the latter subject was brief and might well have been more comprehensive but the question was submitted. We think the charge as a whole submitted the issues to the jury and was not prejudicial to defendant.

5. Plaintiff's counsel in argument urged as the law of this case and read from his notes the portion of the former opinion in this case above mentioned. This is said to be error, citing *Laughlin* v. *Railway Co.*, 80 Mich. 154, where it is said (quoting from syllabus) :

"The reading by counsel for plaintiff of the former opinion in this case, accompanied with a statement that the court had passed upon the question of contributory negligence favorably to plaintiff, is held to have been highly improper."

Counsel did not state to the jury in such argument that the language was a part of the opinion upon the former trial. It was urged as the law upon which the case was being tried and it was argued that the court would so charge the jury and that strict attention should be paid to the charge. The right of coun-

sel  to argue to the jury the law as claimed has been recognized.   See *Fosdick* v. *VanArsdale,* 74 Mich. 302; *Edwards* v. *Common Council,* 96 Mich. 625.

Following objection the court at the time instructed the jury:

"You understand, gentlemen, that whatever theory of law Mr. Warner may have and may state to you, that that is not the theory of the law that you must take as your guide unless the court so charges you.   You must take your law from the court and your facts from Mr. Warner, and if Mr. Warner misstates the law, as the court will give it to you, he does it at his own peril."

No request to charge upon the subject was preferred. The court in his charge as we have seen also used the language of the former opinion.   We do not think defendant was prejudiced by the argument.

6. Error is assigned upon the denial of a motion for a new trial on the ground that the verdict was excessive.   We agree with the trial court.   There was an abundance of evidence to sustain the verdict.   We have considered all questions raised and discussed and find no reversible error.

Judgment affirmed.

STEERE, C. J., and WIEST, FELLOWS, STONE, BIRD, and SHARPE, JJ., concurred.   MOORE, J., did not sit.