AMERICAN INSURANCE CO. OF NEWARK *v.* MARTINEK.

1. APPEAL AND ERROR—TRIAL.

  Whether there is any evidence is a question of law for the court; what weight should be given conflicting evidence is for the jury.

2. SAME—LAW OF CASE—STARE DECISIS.

  A ruling of the Supreme Court, determining a question of law, becomes the law of the case, binding not only the parties on the second trial, but also this court ..on review, and precluding this court, upon the same record, from re-examining the question and determining otherwise; in this respect differing from the doctrine of *stare decisis.*

Error to Menominee; Flannigan (Richard C.), J. Submitted November 1, 1921.    (Docket No. 125.) Decided December 21, 1921.

Case by the American Insurance Company of Newark, N. J., against Jacob J. Martinek for failure to cancel a policy of insurance.    Judgment for plaintiff *non obstante veredicto*.    Defendant brings error.    Affirmed.

*Doyle & Barstow,* for appellant.

*Sawyer & Sawyer* (*Thomas Bates,* of counsel), for appellee.

FELLOWS, J.    It is conceded that the present record is substantially the same as when the case was here before.    *American Ins. Co.* v. *Martinek,* 203 Mich. 108. The second trial was before a jury.    When the proofs were closed the trial judge was of the opinion that the law of the case was settled by the former decision and that it was his duty to direct a verdict for the plaintiff, but at the request of defendant's counsel he submitted the case to the jury under the "Empson" act (Act No. 217, Public Acts 1915, 3 Comp. Laws 1915, § 14568).    A verdict being rendered for defendant, the court entered judgment for the plaintiff *non obstante veredicto*.

When the case was here before this court held:

"We are of opinion that there is nothing in the record to warrant the inference that the plaintiff knew that the policy was not canceled, but in our opinion the conclusion is clearly warranted that they supposed that their positive instructions as to the cancellation of the policy had been complied with and that the plaintiff [defendant] had been refusing to return the canceled policy."

We are now asked to disregard this holding, to reexamine the question of whether there is any testimony or inferences to be drawn from the testimony

to support defendant's claim, to hold and determine, contrary to our former holding, that there are inferences which would support a finding by a jury in defendant's favor.

In the case of *Pierce* v. *Underwood,* 112 Mich. 186, Mr. Justice MONTGOMERY, speaking for the court, said:

"This case was before the court at a former term, and is reported in 103 Mich. 62, to which reference is made for a statement of the facts. The case has been retried at the circuit, and has resulted in a verdict and judgment in favor of the plaintiff. The brief of the appellant raises the same questions which were discussed in the former case, and reargues them. We cannot review the questions which were there disposed of. If it is claimed that the conclusions of law reached on the former hearing were erroneous, the remedy is by a motion for a rehearing, but a ruling of this court in a case becomes the law of the case to govern a new trial, and is not subject to review thereafter."

See, also, *Vernor* v. *Coville,* 56 Mich. 196; *Apsey* v. *Railroad Co.,* 104 Mich. 646; *Quirk* v. *Railway,* 137 Mich. 493; *Curtiss* v. *Curtiss,* 143 Mich. 676; *Culver* v. *Railroad Co.,* 144 Mich. 254; *Anderson Carriage Co.* v. *Pungs,* 153 Mich. 580; *Winkleman* v. *City of Adrian,* 151 Mich. 519; *Thompson* v. *Village of Mecosta,* 141 Mich. 175; *Union National Bank* v. *Rich,* 116 Mich. 414; *Burtraw* v. *Clark,* 107 Mich. 333; *Damon* v. *DeBar,* 94 Mich. 594.

Had this court gone no further when the case was here before than to hold that the finding was against the overwhelming weight of the evidence there would be force in the contention of defendant's counsel (*Hintz* v. *Railroad Co.,* 140 Mich. 565; *In re Cochrane's Estate,* 211 Mich. 370); but this court then went further than that and held "that there is nothing in the record to warrant the inference that the plaintiff knew that the policy was not canceled." Whether there is *any* evidence is a question of law for the

court. What *weight* should be given conflicting evidence is for the jury. In determining on the former hearing that there was no testimony to sustain defendant's claim this court determined a question of law which became the law of the case, binding not only the parties on the second trial but also this court on review and precluding this court upon the same record from re-examining the question and determining otherwise. In this regard the doctrine of the law of the case differs somewhat from the doctrine of *stare decisis*.

The case having been disposed of by the trial court in accordance with our former holding, in accordance with the law of the case, we have before us but one duty under the settled law of this jurisdiction and that is to affirm the judgment. It will be so ordered.

STEERE, C. J., and MOORE, WIEST, STONE, CLARK, BIRD, and SHARPE, JJ., concurred.