## A & C ENGINEERING COMPANY *v.* ATHERHOLT.

1. PATENTS—FEDERAL COURTS—JURISDICTION.
   Only a Federal court has jurisdiction of a case involving the breach of some right created by the patent laws.

2. SAME—STATE COURTS—JURISDICTION—COMMON LAW—EQUITY.
   The owner of a patent who founds his suit on some right vested in him by the common law, or by equity jurisprudence, makes a case arising under the State law and only a State court has jurisdiction, since there is no Federal common law or equity law, the juridical attributes of the localities.

---

REFERENCES FOR POINTS IN HEADNOTES
[1–4]  40 Am Jur, Patents §§ 169, 170.
   Jurisdiction of State courts over actions involving patents.  167 ALR 1114.
[5]  41 Am Jur, Pleading § 73 *et seq.*
[6]  40 Am Jur, Patents § 68; 35 Am Jur, Master and Servant § 90 *et seq.*
   Right to inventions as between employer and employee, 16 ALR 1177, 32 ALR 1037, 44 ALR 593, 85 ALR 1512, 153 ALR 983.
   Application and effect of "shop right rule" or license giving employer limited rights in employees' inventions and discoveries.  61 ALR2d 356.
[8]  3 Am Jur, Appeal and Error § 840 *et seq.*
[10]  3 Am Jur, Appeal and Error § 912.

3. SAME—COURTS—JURISDICTION.

Whichever court, Federal or State, has jurisdiction by reason of the nature of the cause of action advanced by the plaintiff owner of a patent, that court may decide such issues as arise incidentally to a decision.

4. SAME—COURTS—JURISDICTION—OWNERSHIP.

State trial court properly took jurisdiction of suit to determine the ownership of a patent for hydraulically operated arbor which had been applied for jointly by plaintiff's assignor and defendant.

5. PLEADING—PURPOSE OF BILL OF COMPLAINT.

The primary function of a bill of complaint is to apprise the court and the defendant of the grounds or basis of the plaintiff's claim and plaintiff's failure to state all of the necessary facts, or others from which they might reasonably be inferred, upon which he bases his cause of action, constitutes a failure to state a cause of action.

6. PATENTS — INVENTIONS — OWNERSHIP — CONTRACTS — MASTER AND SERVANT.

Inventions belong to the inventor-employee rather than the employer even though the invention was conceived, developed and patented on the employer's time and at its expense, where there is an absence of an express agreement to the contrary.

7. SAME—OWNERSHIP—PLEADING—CONTRACTS.

Bill of complaint in suit to determine ownership of patent of hydraulically operated arbor was not insufficient by reason of failure to allege an agreement that plaintiff corporation was to be the owner of the patent developed and expenses paid for by plaintiff or its partnership assignor, where such agreement or understanding was fairly inferable from the facts pleaded.

8. APPEAL AND ERROR—AMENDMENT OF PLEADING—CONTRACT AS TO PATENT.

The Supreme Court has power, upon review of a chancery case, to treat the bill of complaint as amended so as to include an allegation that there was an agreement between the parties as to the ownership of a patent, where proof conclusively showed defendant understood such was the arrangement.

9. SAME—CONTRACTS—PLEADING—EVIDENCE.

The Supreme Court will not reverse a chancery case on the narrow technical ground that an agreement vital to the plaintiff's case was not expressly alleged in its bill of complaint, where such was clearly inferable from the facts pleaded

and proofs conclusively show defendant so understood the arrangement.

10. Same—Chancery Cases—De Novo Review.

The Supreme Court hears chancery cases *de novo* on the record and gives great weight to the trial court's findings of fact.

11. Patents — Hydraulically Operated Arbor — Ownership — Evidence — Assignment.

Plaintiff corporation's proofs in suit to establish its ownership of patent for hydraulically operated arbor *held,* more than adequate to substantiate the findings and decree for plaintiff, hence, decree ordering defendant to assign his interest therein to plaintiff is affirmed.

Appeal from Genesee; Roth (Stephen J.), J. Submitted January 7, 1959. (Docket No. 22, Calendar No. 47,120.) Decided April 13, 1959. Certiorari denied by the Supreme Court of the United States October 12, 1959.

Bill by A & C Engineering Company, a Michigan corporation, against George L. Atherholt, Jr., to establish ownership of patent rights and to compel assignment of all interest therein. Decree for plaintiff. Defendant appeals. Affirmed.

*Cline & George* (*Earl J. Cline,* of counsel), for plaintiff.

*Leitson & Dean* (*Max Dean,* of counsel), for defendant.

Voelker, J. This case concerns a bill in equity filed by plaintiff-appellee, A & C Engineering Company, on August 13, 1956, praying that it be decreed the sole owner of certain patent rights and patent applications and of the trade name "Hydra-lock" and that the defendant be required to assign to it his interests therein. In answer defendant admitted that the trade name belonged to the plaintiff but denied its right to the remainder of the relief requested.

Prior to 1952 A & C Engineering Company was owned and operated as a joint partnership by George

L. Atherholt, Sr., and John A. Coletti. The partnership's business consisted primarily of designing certain fixtures, jigs, gauges and special machinery for various automobile manufacturing companies. Defendant, George L. Atherholt, Jr., son of the above-named Atherholt, was employed by the partnership in a combination sales, design and managerial capacity. For convenience, we shall occasionally refer to the father and son as Senior and Junior.

In January of 1952 Senior saw a mechanical arbor in operation and thereupon conceived the basic idea for a hydraulically operated arbor. To protect his idea he wrote a letter to himself outlining the idea for the arbor and enclosed it, together with a sketch and a drawing illustrating the arbor, in an envelope which he sent by registered mail to himself. That letter was kept in plaintiff's file unopened and was ultimately opened in court during the trial. After writing the letter Senior discussed the idea with his son, the defendant, and they, with the help of other employees, began to develop it.

The development of the arbor took several years, and much company money, and in the process a successor partnership was formed which consisted of the original partners and the defendant. Later the 3 men formed the present plaintiff corporation, defendant's interest being limited to 15%, which succeeded to the interests of their partnership. Ultimately the arbor was completed and patented, with Senior and the defendant listed on the applications and the letters patent as joint inventors. Senior, pursuant to an alleged oral agreement between the parties, assigned his interest in the patent to the corporation, but defendant has refused to so assign. This suit was brought to establish the true ownership of the patent and to require the defendant to assign his interest therein. Prior to the instigation of this suit the defendant quit working for the corporation,

sold his interest therein to his father, and brought an action against the corporation for back pay.

In the trial court prior to the introduction of evidence defendant moved that this case be dismissed, first for lack of jurisdiction, and second because plaintiff's bill of complaint did not state a cause for action. Both were denied. The case went to full hearing following which the court decreed that the plaintiff corporation was the true owner of the patent and that defendant should assign his interest therein to the corporation. From that decree and the order denying his noted preliminary motions defendant has appealed.

In his first 2 allegations of error defendant-appellant claims that the trial court was without jurisdiction to hear this case because it involves a patent. The extent of a State court's jurisdiction in that field is thoroughly reviewed and explained in *L. A. Young Spring & Wire Corp.* v. *Falls,* 293 Mich 602, and even more thoroughly discussed in 167 ALR 1114. A prolonged discussion here would serve only to unduly lengthen this opinion. The correct rule (and the one prevailing in Michigan) is set out in that annotation at p 1118 as follows:

"The key to the correct rule is the distinction between a 'case' arising under the patent laws and a 'question' arising under those laws. *Pratt* v. *Paris Gas Light & Coke Co.* (1897), 168 US 255 (18 S Ct 62, 42 L ed 458).

"Reduced to its lowest terms, the correct rule is that if the plaintiff founds his suit directly on a breach of some right created by the patent laws, he makes a case arising under those laws and only a Federal court has jurisdiction; but if he founds his suit on some right vested in him by the common law, or by general equity jurisprudence, he makes a case arising under State law and only a State court has jurisdiction. In this respect it is to be remembered

that there is no Federal common law or equity law. These are the juridical attributes of the localities. Their principles, when administered in a Federal court, are derived from the respective peoples of the States. A case founded on a principle of tort, contract, or equity law is a case arising under State law. And whichever court has jurisdiction by reason of the nature of the cause of action advanced by the plaintiff, that court may decide such issues as arise incidentally to a decision. If a plaintiff sues in a Federal court for infringement, and the defendant sets up rights under a contract, the court may reach its conclusion upon an issue of contract law. If the plaintiff sues in a State court for breach of a contract, the State court may decide an issue raised as to the validity or coverage of a patent, and even submit a question of priority to a jury. If the action be for breach of a contract to sell the plaintiff a valid patent, the State court may decide the validity of the patent. This is the almost universal rule."

There is nothing in the bill of complaint to suggest that the instant case is one based upon a right derived from the Federal patent laws. Rather it appears to be a common-law equity action to determine ownership of a patent and involves the Federal patent laws only obliquely and incidentally. Under the above-quoted rule such an action is treated no differently, in regard to jurisdiction, than an action to determine the ownership of any other kind of personal property. Therefore the trial court properly took jurisdiction of the cause.

Appellant's third and fourth questions on appeal are:

"3. Where bill of complaint in suit to establish employer's ownership of patents applied for and obtained by employees alleges patent was developed by employees on company time and at company expense but does not allege that employees were hired, either expressly or impliedly, for their inventive

genius or to develop patentable items was defendant entitled to a dismissal upon his motion made prior to trial?

"4. Did the trial court err in holding that plaintiff's bill of complaint stated a cause for action?"

There being no specific all-purpose test under the modern liberal rules of pleading by which the sufficiency of a bill of complaint can be tested, the determination of that question is often a difficult problem. That problem has not been made less difficult in this case by appellee's total failure to brief the subject. The primary function of a bill of complaint is to apprise the court and the defendant of the grounds or basis of the plaintiff's claim. To do this the plaintiff must allege all of the necessary facts upon which he bases his cause of action. Failure to state those facts, or others from which they might reasonably be inferred, is failure to state a cause of action. So tested we examine the relevant portions of the bill of complaint in the instant case:

"2. That it is a successor company to the A & C Engineering Company, a copartnership composed of George L. Atherholt, Sr., John A. Coletti, and George L. Atherholt, Jr., which prior thereto had been a copartnership consisting of George L. Atherholt, Sr., and John A. Coletti.

"That all of said copartnership's assets were successively transferred one to the other and to the corporation on organization.

"That George L. Atherholt, Jr., on organization of the corporation, became the owner of 15% of the common stock thereof. That under date of April 14, 1955, George L. Atherholt, Jr., did sell and assign and transfer unto George L. Atherholt, Sr., all his interest in and to the A & C Engineering Company, a Michigan corporation, and did prior thereto terminate his employment with the corporation and is not now employed by it.

"3. That in the year 1952, and prior thereto, George L. Atherholt, Sr., became the inventor of a certain tool known as the hydrostatic holding device, for which a patent application was made to the U. S. patent office, said application being signed by George L. Atherholt, Sr., and George L. Atherholt, Jr. That said invention was made, their patent application filed and the aforesaid partnership was in existence then and both parties were in the employ of the partnership. That subsequently, a patent was issued under date of May 6, 1956, No. 2,744,756. That all the development work was performed and paid for by the partnership and all expenses in applying for and obtaining the patent were paid for by the partnership.

"4. That this corporation and the predecessors of the partnership have spent many thousands of dollars in the development of the above-mentioned hydrostatic holding device, and said holding device has been in the past and is the principal product of the corporation.   *   *   *

"6. That George L. Atherholt, Jr., defendant herein, refuses to join in the assignment with George L. Atherholt, Sr., in assigning said patent to the plaintiff on the records of the U. S. patent office.   *   *   *

"11. That early in the year of 1953, George L. Atherholt, Sr., John A. Coletti and George L. Atherholt, Jr., did individually make a written assignment transferring to the A & C Engineering Company the whole right, title and interest in and to said invention as described in the patent application, which the defendant was to deliver to the plaintiff's patent attorney for filing in the U. S. patent office.

"Wherefore plaintiff prays   *   *   *

"That the defendant may be required to assign any right, title and interest claimed by the defendant in and to the patent and patent applications aforesaid to the plaintiff.

"That the plaintiff may be decreed to be the sole owner of the aforesaid patents and patent applications and the name Hydra-lock Co., and that the de-

fendant may be required to assign the same to the plaintiff and discontinue the use thereof.

"That the plaintiff may have such other and further decrees in the above matter as may be equitable."

There is authority in Michigan that in the absence of an express agreement to the contrary inventions belong to the inventor-employee rather than his employer, and that the employer is entitled only to a "shop-right" therein, notwithstanding that the invention was conceived, developed and patented on the employer's time and at its expense. See *Detroit Testing Laboratory* v. *Robison,* 221 Mich 442; *Gear Grinding Machine Co.* v. *Stuber,* 282 Mich 455; and 16 ALR 1177, 1181 and supplemental annotations.

The entire thrust of the present bill of complaint is that the invention is and always had been the property of the corporation. The failure specifically to allege an agreement (notwithstanding the necessity of later proving such an agreement) between the parties that the corporation was to be the owner of the invention does not in itself necessarily make the bill insufficient. It is sufficient that such an agreement or understanding can fairly be inferred from the facts pleaded. (See 2 Callaghan's Michigan Pleading and Practice, § 23.07.) We think no other inference can follow a fair reading of the bill in this case.

We note further that the proofs adequately sustain such an agreement or understanding* and that this

---

* That defendant himself so understood the arrangement we think is conclusively shown by a letter he wrote Coletti, before he left the company, writing, in part, as follows: "This expanding arbor is a very vital part of our business * * * with the proper handling it should prove of value to A & C. * * * I do feel that we are covered with what patents we have applied for, * * * Also, I feel that we should consider using the name of HYDRALOCK TOOL AND ENGINEERING COMPANY. The reason being that the arbor and expanding business is going to be the future business of A & C."

Court therefore has the power upon review to treat the bill of complaint as amended so as to include an allegation of such. (See 8 Callaghan's Michigan Pleading and Practice, § 56.69 and 2 Callaghan's Michigan Pleading and Practice, § 27.31.) Under such conditions we are not moved to reverse this or any other case on such a narrow technical ground.

Appellant's last 2 questions on appeal pertain to the sufficiency of plaintiff's proofs. Although we hear such matters *de novo,* on the record, great weight is given to the chancellor's findings of facts. (See *Krachun* v. *Krachun,* 355 Mich 167.) Having carefully studied the record, and particularly the many exhibits therein, we are of the opinion that the plaintiff's proofs are more than adequate to substantiate the findings and decree. Further illustrative discussion of the facts is not necessary.

The decree of the trial court is affirmed, with costs to appellee.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and KAVANAGH, JJ., concurred.