## MIRACLE BOOT PULLER COMPANY, LIMITED v PLASTRAY CORPORATION

Docket No. 26913. Submitted April 6, 1977, at Lansing.—Decided June 19, 1978. Leave to appeal applied for.

Miracle Boot Puller Company Limited, a Canadian corporation, obtained a United States patent on a boot puller. It purchased a mold and manufactured and distributed the boot puller in the United States and Canada. Miracle Boot Puller Company Limited entered into a contract with Magloire Lucier granting Mr. Lucier a possessory right to the mold and exclusive right and license in the United States to the patent on the boot puller. After the mold was delivered to Mr. Lucier, he delivered the mold to Plastray Corporation, a Michigan corporation, contrary to the terms of the contract. Miracle Boot Puller Company Limited sued Plastray Corporation for damages for breach of contract, conversion of the mold and conversion of the intangible property right to benefit from the patent. Summary judgment was granted to defendant. Plaintiff appealed to the Court of Appeals, which reversed and remanded. *Miracle Boot Puller Co, Ltd v Plastray Corp,* 57 Mich App 443; 225 NW2d 800 (1975). On retrial, plaintiff obtained a verdict and the Macomb Circuit Court, Robert J. Chrzanowski, J., entered judgment accordingly. Defendant appeals and claims *inter alia* that the trial court had no jurisdiction in a suit involving a patent. *Held:*

1. The question of the jurisdiction of the court over the subject matter is one which cannot be waived and may be raised at any time by the parties or by the court on its own motion.

2. A cause of action for "conversion of patent rights" is a claim "arising under" the patent law over which Federal courts

REFERENCES FOR POINTS IN HEADNOTES
[1] 20 Am Jur 2d, Courts §§ 88, 92, 95, 97, 105, 139.
[2, 5] 60 Am Jur 2d, Patents § 283 *et seq.*
[3] 58 Am Jur 2d, New Trial § 3 *et seq.*
    76 Am Jur 2d, Trial § 1111.
[4] 5 Am Jur 2d, Appeal and Error § 744.
    50 Am Jur 2d, Courts § 74.

have exclusive jurisdiction: state courts have no jurisdiction to consider such a claim.

3. Judgment on a general verdict must be set aside where the jury considered a claim over which the court had jurisdiction and claims over which it did not and it cannot be determined upon which claim the jury returned a verdict.

Reversed and remanded.

BRONSON, J., dissented. He would hold that the Court of Appeals is bound to follow its own prior ruling in this case that the plaintiff stated a cause of action submissible to a jury for conversion of patent rights; it may not now in the same case determine that the cause is one over which the Federal courts have exclusive jurisdiction. He would affirm.

## OPINION OF THE COURT

1. COURTS—JURISDICTION—SUBJECT MATTER JURISDICTION.

The issue of jurisdiction over the subject matter may be raised at any time by any party or may be considered by the court on its own motion; objection to subject matter jurisdiction cannot be waived.

2. COURTS—JURISDICTION—PATENTS—CONVERSION OF PATENT RIGHTS.

A complaint for conversion of patent rights states a claim "arising under" the patent law and Federal courts have exclusive jurisdiction over such claims.

3. NEW TRIAL—VERDICTS—GENERAL VERDICTS—MULTIPLE THEORIES.

A new trial must be granted in a case where the jury returned a general verdict after submission of a case upon several theories, some of which the court lacked jurisdiction to consider.

## DISSENT BY BRONSON, P. J.

4. APPEAL AND ERROR—COURTS—LAW OF THE CASE.

*Prior decisions of the same court in the same cause become law of the case and may not be reexamined for error.*

5. APPEAL AND ERROR—JURISDICTION—STATE JURISDICTION—FEDERAL JURISDICTION—LAW OF THE CASE—PATENTS—CONVERSION.

*The Court of Appeals is bound to follow its own prior ruling in a case where it previously ruled that a plaintiff stated a cause of action submissible to a jury for conversion of patent rights; it*

*may not later in the same case determine that the cause is one
over which the Federal courts have exclusive jurisdiction.*

*Shrauger, Shively & Dunn,* for plaintiff.

*James H. Hudnut, P. C. (Jay L. Cooke,* of counsel) and *Fisher, Gerhardt & Groh,* for defendants.

Before: BRONSON, P. J., and M. F. CAVANAGH and C. J. BYRNS,* JJ.

M. F. CAVANAGH, J. We cannot agree with our brother BRONSON's disposition of the troublesome question of jurisdiction involved herein.

Our brother begins his analysis by conceding that:

"While this [Court's previous] holding assumes that a state court has jurisdiction over such a conversion claim, the Court never so determined; *the specific issue of jurisdiction was never raised nor addressed.*[3] (Emphasis added.)

―――――――――――――――
"[3] Defendant did not file a brief in that appeal."

Yet, a few paragraphs later he states:

"Thus, as *we held that* plaintiff's claim arose under state law, *state courts had jurisdiction over the claim."* (Emphasis added.)

The prior decision never held that plaintiff's claim *arose under state law* for purposes of state, as opposed to exclusive Federal, jurisdiction.

In relevant part, the previous opinion of this Court states:

"Plaintiff also asserts that there was sufficient evi-

―――――――――――――――
* Circuit judge, sitting on the Court of Appeals by assignment.

dence to warrant submission to the jury the question of conversion of patent rights and the mold. We agree.

"The mold being a specifiable, physical chattel can be the subject of conversion; likewise, intangible personal property can also be the subject of conversion. *Warren Tool Co v Stephenson,* 11 Mich App 274, 298; 161 NW2d 133, 147 (1968), and *Tuuk v Andersen,* 21 Mich App 1, 13; 175 NW2d 322, 328 (1969). As such, the intangible right to benefit from a patent right can be converted." *Miracle Boot Puller Co, Ltd v Plastray Corp,* 57 Mich App 443, 450–451; 225 NW2d 800 (1975). (Footnotes omitted.)

Again, there is no discussion here of jurisdiction. Our brother concedes that "this holding assumes that a state court has jurisdiction over such a conversion claim". However, as was stated by Justice COOLEY in *Allen v Duffie,* 43 Mich 1, 11; 4 NW 427 (1880), "A point thus assumed without consideration is of course not decided". On point, and to our minds dispositive, is the following language from *City of Stuart v Green,* 91 F2d 603, 604 (CA 5, 1937):

"It is contended that the question of jurisdiction was foreclosed by the decision of this court on the former appeal, but, as the question was not raised by any of the parties or decided by the court, we know of no principle in the doctrine of estoppel or the doctrine of the law of the case which relieves us of the duty of considering and determining whether the cause was properly brought in the federal court. The objection is one which cannot be waived, and may be raised by the parties at any time or considered by the court on its own motion. *Utah-Nevada Co v Delamar* (C.C.A.) 133 F. 113."

Looking squarely at the question, we are convinced the state court has no jurisdiction to resolve this dispute. While it is clear that the state

is empowered to hear and resolve "conversion" claims, it is equally clear that this does not resolve the issue before us. Providing for exclusive Federal jurisdiction, as Congress has for patent infringement suits (28 USC § 1338[a]), would be a meaningless exercise if a complaint were not, on its face, one for which there would otherwise be concurrent state jurisdiction. The very function of the exclusive Federal jurisdiction statute is to oust any concurrent state jurisdiction. Therefore, our starting point must be whether this suit was one "arising under" the patent law, for which exclusive jurisdiction is vested in the Federal courts.

In 60 Am Jur 2d, *Patents,* § 4, p 335, it is stated:

"An inventor has no common-law right to a monopoly of his invention. He has the right to make, use, and vend his own invention, but if he voluntarily discloses it, such as by offering it for sale, the world is free to copy and use it with impunity. A patent, however, gives the inventor the right to exclude all others. As a patentee, he has the exclusive right of 'making, using, or selling the invention throughout the United States.' The right to 'make' within the meaning of the patent law embraces the construction of the thing invented; the right to 'use' embraces within its meaning the right to put into service any given invention; and the right to 'sell' secures to the inventor the exclusive right to transfer the title for a consideration to others; in these exclusive rights to make, use, and sell, fairly construed, reside the extent of the patent monopoly under the statutes of the United States."

The conduct alleged in the count for "conversion of patent rights" was wrong only by virtue of the Federal patent law. Therefore, this claim was one "arising under" the patent law and the state court had no jurisdiction to consider it. We hold that it was error to allow it to go to the jury. Because the

jury returned a general verdict, and it is impossible to tell whether it rested upon the conversion claim or one of the other claims, we reverse and remand for a new trial. See *Rock v Derrick,* 51 Mich App 704, 709; 216 NW2d 496 (1974), *lv den,* 391 Mich 836 (1974). Costs to appellant.

C. J. BYRNS, J., concurred.

BRONSON, P. J. *(dissenting).* I respectfully dissent.

Defendant appeals a jury verdict of $35,000 in favor of plaintiff based in part on plaintiff's claim of damages for conversion of a mold used to manufacture a patented "boot puller" and also on conversion of the intangible property rights to benefit from the patent.[1]

The majority holds that the state court did not have jurisdiction to hear plaintiff's claim for conversion of patent rights, as that claim is actually a claim for patent infringement[2] over which Federal courts have exclusive jurisdiction.

This Court held on the prior appeal that plaintiff's claim for conversion of the right to benefit from a patent stated a claim that could be submitted to the jury:

"The mold being a specifiable, physical chattel can be the subject of conversion; likewise, intangible personal property can also be the subject of conversion. *Warren Tool Co v Stephenson,* 11 Mich App 274, 298; 161 NW2d

---

[1] On a prior appeal, this Court held that plaintiff's claim for conversion of intangible property rights (the right to benefit from the patent) stated a jury-submissible claim. *Miracle Boot Puller Co, Ltd v Plastray Corp,* 57 Mich App 443; 225 NW2d 800 (1975).

Plaintiff's complaint included four counts, two based on breach of contract, one based on conversion of patent rights and one based on infringement of patent rights. The last count was dropped before trial.

[2] 35 USC 271.

133, 147 (1968), and *Tuuk v Andersen,* 21 Mich App 1, 13; 175 NW2d 322, 328 (1969). As such, the intangible right to benefit from a patent right can be converted.

"This case is reversed and remanded for determination by the jury based on contract and conversion." *Miracle Boot Puller Co, Ltd v Plastray Corp,* 57 Mich App 443, 450–451; 225 NW2d 800 (1975).

While this holding assumes that a state court has jurisdiction over such a conversion claim, the Court never so determined; the specific issue of jurisdiction was neither raised nor addressed.[3]

In *Allen v Michigan Bell Telephone Co,* 61 Mich App 62, 65; 232 NW2d 302 (1975), this Court stated:

"The term 'law of the case', as generally used, designates the principle that *if an appellate court has passed on* a legal question and remanded the cause to the court below for further proceedings, the legal questions thus *determined* by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain the same." (Citations omitted.) (Emphasis added.)

This language indicates that the law of the case doctrine requires that the court actually have before it and address a legal question. As the jurisdiction issue was neither raised by the parties nor specifically addressed by this Court on the previous appeal, the law of the case doctrine is inapplicable to the jurisdiction issue. We must consider defendant's claim on its merits.

*A & C Engineering Co v Atherholt,* 355 Mich 677, 681–682; 95 NW2d 871 (1959), quoting *L A Young Spring & Wire Corp v Falls,* 293 Mich 602; 292 NW 498 (1940), states the Michigan test for

---

[3] Defendant did not file a brief in that appeal.

state court jurisdiction in proceedings involving patent issues:

"The key to the correct rule is the distinction between a 'case' arising under the patent laws and a 'question' arising under those laws. *Pratt v Paris Gas Light & Coke Co.* (1897), 168 US 255 (18 S Ct 62, 42 L Ed 458).

"Reduced to its lowest terms, the correct rule is that if the plaintiff founds his suit directly on a breach of some right created by the patent laws, he makes a case arising under those laws and only a Federal court has jurisdiction; but if he founds his suit on some right vested in him by the common law, or by general equity jurisprudence, he makes a case arising under State law and only a State court has jurisdiction. * * * A case founded on a principle of tort, contract, or equity law is a case arising under State law."

Thus, the question is whether plaintiff's claim is based on some right created by state law or whether its claim arises under Federal patent law.

On the prior appeal, this Court held that plaintiff had properly pleaded a state cause of action in his claim for damages for conversion of the right to benefit from a patent. This holding became the "law of the case". Thus, as we held that plaintiff's claim arose under state law, state courts had jurisdiction over the claim. *A & C Engineering Co v Atherholt, supra.*

In *Damon v DeBar,* 94 Mich 594, 595; 54 NW 300 (1893), the Court stated:

"It is well settled that a rule of law, as laid down by this Court in the decision of a cause, is to be applied, upon the same state of facts, in all subsequent proceedings in that cause."

There, the Court refused to consider appellant's

claim that the prior decision was erroneous. The same rule was recited in *Terrill v Michigan United Traction Co,* 214 Mich 478; 183 NW 46 (1921). Again, the Court did not review the prior holding for possible error. In *American Ins Co of Newark v Martinek,* 216 Mich 421, 423; 185 NW 683 (1921), quoting *Pierce v Underwood,* 112 Mich 186, 187; 70 NW 419 (1897), the Court held:

"If it is claimed that the conclusions of law reached on the former hearing were erroneous, the remedy is by a motion for a rehearing, but a ruling of this court in a case becomes the law of the case to govern a new trial, and is not subject to review thereafter."

In *Leland v Ford,* 252 Mich 547, 548; 233 NW 410 (1930), Justice Sharpe, writing for the majority, stated:

"While the writer of this opinion was not in accord with the conclusion reached by a majority of the court, the decision then rendered must be treated as law of the case."

Significant also is Chief Justice West's opinion in *Leland,* in which he concurred, even though he had dissented in the previous case, because he felt the Court was bound by the law of the case.

Thus, the settled law in Michigan is that prior decisions of the same court in the same cause become law of the case and may not be reexamined for error. This Court is bound to follow the substantial Supreme Court authority which accepts this proposition.[4] Therefore, while I do not

---

[4] The cases cited above indicate that Michigan applies the "law of the case" as an absolute doctrine. *See,* 87 ALR2d 271, 290. Even assuming that a more flexible interpretation of that doctrine applies, we would follow the prior determination that plaintiff had a jury-submissible state cause of action, in the interest of finality of this protracted litigation.

necessarily agree with the law previously established in this case, I would follow it.

Accepting as law of the case this Court's prior determination that Michigan law recognizes a state cause of action for conversion of the right to benefit from a patent, I would hold that the state trial court had jurisdiction to decide this case. Under *A & C Engineering Co v Atherholt, supra,* plaintiff has stated a claim that arises under state law. The state courts therefore had jurisdiction over that claim even though the facts alleged also would support a patent infringement claim. *American Harley Corp v Irvin Industries, Inc,* 27 NY2d 168; 315 NYS2d 129; 263 NE2d 552 (1970), *Koratron Co, Inc v Deering-Milliken, Inc,* 418 F2d 1314 (CA9, 1969). See, generally, 10 ALR Fed 636.

As defendant's other allegations of error are meritless, I would affirm.