STATE NATIONAL BANK OF ALBUQUERQUE *v.* WERNICKE.

1. APPEAL AND ERROR—RETRIALS—LAW OF CASE.

    Although an opinion of the Supreme Court was not unanimous, it settled the law of the case, and upon a retrial the rule there announced should be applied by the trial court.

2. SAME.

A finding of fact unsupported by evidence does not furnish a reason for declining to apply the law of the case as determined by the Supreme Court on a review of a prior trial of the same case; it appearing that the record was not materially different from that of the first trial.

Error to Kent; Brown, J. Submitted April 16, 1918. (Docket No. 93.) Decided June 3, 1918.

Assumpsit by the State National Bank of Albuquerque against Otto H. L. Wernicke on a contract of guaranty. Judgment for defendant. Plaintiff brings error. Reversed.

*Carroll, Kirwin & Hollway,* for appellant.

*Wilson & Johnson* (*Travis, Merrick, Warner & Johnson,* of counsel), for appellee.

OSTRANDER, C. J. Setting up in the declaration an instrument, a promissory writing, dated February 20, 1907, plaintiff alleges

"that upon the execution and delivery of said guaranty or writing obligatory, and upon the strength thereof and relying thereon, and upon the special instance and request of the said defendant, it did, on, to wit, the 20th day of February, 1907, and on various dates  *  *  *  make loans, advances of money, and did extend credit to the said  *  *  *."

The cause was tried by the court and findings of fact and law were made and filed. Exceptions followed and error is assigned upon the action of the trial court.

Upon a former trial, a judgment for defendant was reviewed and reversed and a new trial ordered. 185 Mich. 281. Upon the record now before us, as upon the former record, it appeared—there is no dispute about it—that upon January 17, 1907, defendant wrote a letter to F. J. Houston Company, Albuquerque, N. M.,

in which, after reference to various matters, is the following: .

"In addition to this, if you can arrange it with the bank with which you are doing business to give you a line of credit of $1,200 or $1,500 and if they are willing to accept my guarantee in shape of bond or the usual form of guarantee so that I will not have to be bothered with the signing of the notes each time, I am willing to let you use the credit of my name to that extent."    *    *    *

This letter being presented to plaintiff bank, the bank prepared and handed to Mr. Houston to be sent on to defendant a form of guaranty and it went forward in a letter dated January 31, 1907. On or about February 4, 1907, defendant received the communication, made some changes in the form of the undertaking, had it rewritten, dated it February 4, 1907, signed it and sent it to the F. J. Houston Company with a letter. Mr. Houston, on February 11, 1907, presented the undertaking at the bank, which drew another guaranty to be signed by defendant, which was sent to defendant, and it was dated and signed by him at Grand Rapids, February 20, 1907, and returned to Houston and reached the plaintiff. This is the writing set out in the declaration of plaintiff, which, after receiving it, returned to defendant his previously executed guaranty.

F. J. Houston Company had an account with plaintiff, opened in September, 1906. At the beginning of business February 11, 1907, F. J. Houston Company had overdrawn at the bank $1,085.69. On that day the bank discounted the note of said Houston Company, dated February 1, 1907, for $1,575, the amount of which was credited to the account of said Houston Company. It was discounted, so the cashier of plaintiff testified, upon the theory that the bank then extended to the Houston Company a credit of $1,575 "on the strength of the guaranty that we would get

from Mr. Wernicke, which we afterwards did get from him."

The note of February 11, 1907, above referred to, was renewed August 1, 1907. This renewal note was paid February 17, 1908, by cash $575 and a new note for $1,000, dated February 1, 1908. Including this, the indebtedness of the Houston Company to the bank February 17, 1908, was $1,700. The fact that the parties did not at first agree upon the form of guaranty to be executed by defendant—that defendant amended the form of the undertaking first proposed and signed it, that the plaintiff made another which defendant signed—was not proved upon the first trial. Otherwise, there is little, if any, difference in the testimony produced at the two trials.

The court found as matter of fact (a part of the 6th finding):

"On February 11, 1907, the bank in form discounted a note for the F. J. Houston Company of $1,575.00. In making said loan or discounting said note, the bank did not rely on the statements contained in Mr. Wernicke's letter of January 17, 1907, and Mr. Wernicke had refused to execute the guaranty drafted by the bank, and the bank had refused to accept the guaranty executed by Mr. Wernicke dated February 4, 1907. The note was dated February 1, 1907; $75 of the amount was for six months' interest, in advance, and $1,500 was credited to the F. J. Houston Company on open account, with the bank. At that time this account was overdrawn $1,085.69. The $1,500 paid this overdraft and left a balance of $415.31. Defendant knew nothing of this overdraft until after the failure of the company in September, 1909. Mr. Wernicke had no notice of the loan made by the bank to the F. J. Houston Company on the 11th day of February, 1907. He had no knowledge of any loan made to the F. J. Houston Company until some time after the execution by him of the instrument dated February 20, 1907, hereinafter mentioned."

Conclusions of law are:

"1. The letter of January 17, 1907, written by Mr. Wernicke, was not a guaranty, and was not so regarded by the bank, and must be left out of consideration in fixing the liability of defendant. As Mr. Wernicke refused to sign the first form of guaranty drafted by the bank, and the bank declined to accept the guaranty which he did sign on February 4, 1907, the minds of the parties did not meet in regard to it. It is not claimed that the bank loaned any money relying on it. This suit is brought on the instrument dated February 20, 1907, and no liability can be based on the guaranty of February 4, 1907.

"2. The instrument dated February 20, 1907, signed by the defendant, upon which this suit is brought, did not extend to any existing indebtedness of the F. J. Houston Company. It applied only to such credit as the bank might extend to the F. J. Houston Company after the execution and delivery of the instrument and relying upon that instrument. As no credit was extended by the bank to F. J. Houston Company relying upon said instrument, dated February 20, 1907, there is no liability against the defendant on the same."

Appellant says that the finding that in making the loan, or discounting the note, of February 1, February 11, 1907, the plaintiff did not rely on the statements made in defendant's letter of January 17, 1907, is not supported by any evidence, and is at variance with all the evidence in the case upon that subject. The direct testimony upon the subject has been referred to. It appears further that although the Houston Company was seeking credit at the bank, further credit was refused until the first undertaking made by defendant was presented. This tends to prove that the bank was in fact relying upon the promise made by defendant to the Houston Company. Treated as a finding of fact, the conclusion stated by the court does not appear to be supported by evidence.

In the opinion of this court (185 Mich. 281, 287, 288) it is said:

"It is urged that, inasmuch as the $1,575 note was

discounted by plaintiff on the 11th day of February, nine days before the guaranty was executed, there was no consideration passing to the debtor which would support the guaranty. While there was an adjustment of the financial matters of plaintiff and the Houston Company before the guaranty was signed, it is obvious that they were adjusted and additional credit extended to the company on the strength of defendant's letter, in which he promised to execute a guaranty to the amount of $1,500. It is doubtless true, as argued by counsel, that the letter itself did not amount to a guaranty; it was simply a promise to execute a guaranty. And it is quite likely that the bank took some chances in adjusting their matters in the way they did before they were advised that the guaranty had been executed; but that was a contingency which never happened. The guaranty was subsequently executed as promised, and the mere fact that it would have been difficult to enforce payment if the guaranty had not been executed affords no reason why the additional credit extended to the company in reliance upon defendant's letter should not serve as a consideration to support his guaranty. If any further consideration were needed, it can be found in the fact that plaintiff was threatening the Houston Company with legal proceedings if it did not make payment of its overdraft.

"But it is argued that the plaintiff concealed the fact from defendant that the company was indebted to the bank, and therefore it was such a concealment of a material part of the transaction as would make it inequitable to enforce the contract. Unless the concealment amounted to a fraud, the surety would not thereby be released. If the defendant had inquired as to the fact, and the truth had been evaded, or otherwise concealed, it would then have amounted to a fraud; but, if no inquiry were made, the failure of plaintiff to disclose to the guarantor the indebtedness of the Houston Company to the bank would not amount to a fraud. 1 Brandt on Suretyship (3d Ed.), § 473; *Hamilton* v. *Watson,* 12 Clark & Finnellys (Eng.), 108.

"The defendant did not undertake by his contract to guarantee the payment of any existing note or overdraft owing by Houston & Co. to the bank. What he

proposed to do in his letter, and what he afterwards did do, was to guarantee a cash credit at the bank for Houston & Co. After he did so he was liable to the extent of his guaranty, whatever the form of the evidence of indebtedness might be. After the money was loaned to Houston & Co. in reliance upon the defendant's letter and guaranty, it was at its disposal, and if that company saw fit to use some or all of the $1,500 in paying existing indebtedness to the bank, of what importance is it, and how was the defendant prejudiced by such application? The defendant knew before he signed the guaranty that the Houston Company was experiencing some rough weather, and needed assistance, and he figured out himself in his letter that the company would need a credit of $1,200 or $1,500, and he consented to become surety in that amount to assist the company in making payment of its pressing demands, and it appears to me to be of no moment that the bank happened to be the owner of one of those demands. Our conclusion is that the defendant is liable on his contract. *Hamilton* v. *Watson, supra*."

It has been stated that the record now before us is not materially different from the record then before us. It is true that the conclusions reached by this court were not agreed to by all of the Justices. The law of the case was, however, settled. The rule announced in the opinion of the court should have been applied by the trial court upon the new trial. It was not applied and the finding of fact referred to, unsupported by evidence, does not furnish a reason for declining to apply it.

The judgment must be reversed, with costs to appellant, and a new trial granted.

BIRD, MOORE, STEERE, BROOKE, FELLOWS, STONE, and KUHN, JJ., concurred.