PALAZZOLO *v.* SACKETT.

1. JUDGMENT—RES ADJUDICATA—LAW OF CASE—APPEAL AND ERROR.
    When an appellate court speaks, such holding is the law of the case in all subsequent proceedings of the case in both the trial and appellate courts.

2. SAME—LAW OF CASE—WEIGHT OF EVIDENCE.
    Decision of Supreme Court that verdict was not against the weight of the evidence is binding on trial court, on retrial, unless the record is materially different.

3. SAME—NEW TRIAL.
    Where record on retrial was substantially the same as on the first trial, decision of Supreme Court that verdict for plaintiff was not against weight of evidence was law of case, and therefore trial court was in error in setting aside verdict for plaintiff and granting new trial on ground that it was against weight of evidence.

4. APPEAL AND ERROR—TRIAL—INSTRUCTION—MOTOR VEHICLES.
    Where trial court instructed jury that vehicle driver had right to drive to left of center of street if he had to do so to avoid cars parked on right side, court's failure to repeat same, in instruction immediately following, on duty, under city ordinance, to keep to right of center, was not prejudicial.

---

Excessiveness of damages in actions for personal injuries not resulting in death, see annotation in L. R. A. 1915F, 30; 46 A. L. R. 1230.

5. DAMAGES—EXCESSIVE VERDICT—PERMANENT INJURIES—PAIN AND
   SUFFERING.
   Verdict of $4,500 for serious and permanent injuries to right
   knee of three-year old boy, causing him great pain and suffer-
   ing, may not be said to be excessive, where well within the
   evidence, and there is no claim that jury were influenced by
   partiality or prejudice.

Appeal from Superior Court of Grand Rapids;
Verdier (Leonard D.), J.   Submitted April 28, 1931.
(Calendar No. 35,546.)   Decided June 1, 1931.

Case by Joseph Palazzolo, an infant, by next
friend, against Ray C. Sackett and another for per-
sonal injuries received when struck by an auto-
mobile.  Verdict and judgment for plaintiff.  Plain-
tiff appeals from order granting new trial, and de-
fendants filed cross-appeal.  Reversed, and judg-
ment ordered entered for plaintiff.

*Linsey, Shivel & Phelps* and *Wicks, Fuller &
Starr,* for plaintiff.

*Dale Souter* (*Fred N. Searl,* of counsel), for de-
fendants.

McDONALD, J.   This is an action to recover dam-
ages for injuries sustained by the plaintiff because
of the negligence of the defendants in operating an
automobile on Ionia avenue in the city of Grand
Rapids.  The case has been twice tried.  On the
first trial a judgment for the plaintiff was reversed
by this court in 245 Mich. 97.  The facts are there-
in sufficiently stated.  In reversing that judgment,
this court held that the verdict was not against the
great weight of the evidence.  On the second trial
the verdict was again in favor of the plaintiff.  On
motion of the defendants the trial court set the ver-
dict aside and granted a new trial on the sole ground

that it was against the great weight of the evidence. It is the plaintiff's contention that the former decision of this court on that question made the law of the case and that the trial court was bound to follow it on the second trial when the record was substantially the same.

"It is so well known as to be well-nigh a maxim of the law that, when an appellate court speaks, such holding is the law of the case in all subsequent proceedings of the case in both the trial and appellate courts." *St. Louis & S. F. R. Co.* v. *Barker*, 210 Fed. 902.

See, also, 4 C. J. §§ 3075, 3265; 2 R. C. L. § 191, p. 227; *Hall* v. *Murdock*, 119 Mich. 389; *Ruttle* v. *What Cheer Mining Co.*, 161 Mich. 150; *Wood* v. *Vroman*, 226 Mich. 625; *Terrill* v. *Traction Co.*, 214 Mich. 478; *State National Bank of Albuquerque* v. *Wernicke*, 202 Mich. 8.

Applying this rule to the case at bar, it must be held that our decision on the first review, that the verdict was not against the weight of the evidence, made the law of the case and was binding on the trial court in the second trial unless the record is materially different.

"When the evidence presented upon the second appeal is materially different from that previously passed upon, the decision on the prior appeal is not conclusive. There must, however, be a material change in the evidence; additional evidence which is merely cumulative will not take the case out of the rule and constitute a material change, where evidence of the same class and character on the former appeal was held insufficient to prove the fact in controversy." 2 R. C. L. p. 228.

The rule of law is firmly settled. The question is, Should it be applied in this case? A comparison of the records shows that with two exceptions the same

witnesses testified on both·trials and that their testimony is substantially alike. Two additional witnesses, Edward C. Palmer and George Ford, were sworn for the defendants on the second trial. Neither of them saw the accident, which occurred on Ionia avenue about 100 feet south of its intersection with Graham street. The defendants came from the east on Graham street and turned south on Ionia. A witness for the plaintiff testified that they were then driving at a speed of 30 or 35 miles an hour. The only purpose of Mr. Palmer's testimony was to show that they could not make the turn at that rate of speed. But as they did not make it without hitting the curb according to plaintiff's witness, it is apparent that Mr. Palmer's testimony made no material change in the record on the question of speed.

Mr. Ford testified that if defendants' car was traveling 30 miles an hour at the time of the accident, as claimed by the plaintiff, it could not be stopped in a distance of 10 or 12 feet on a gravel street. It was defendants' claim that it was stopped in that distance after hitting the plaintiff. This was disputed. But the rate of speed at which defendants were driving was not necessary to a showing of negligence. Regardless of the speed, the defendants were negligent if the accident happened as claimed by the plaintiff. Speed was not a contributing cause. The plaintiff was three years of age at the time of the accident. He was playing on the grass between the sidewalk and curb. It is his claim that defendants were driving on the wrong side of the street and when they got within three or four feet of him he suddenly jumped from the curb in the path of their car. It was a sudden and unanticipated act arising from childish impulse. In these circumstances the defendants would have

been without fault had they not been driving on the wrong side of the street. With equal truth it may be said that, if the accident happened as the defendants claim, speed was not a contributing cause. They say they were driving on the right side of the street when the plaintiff suddenly darted out from between two parked automobiles directly in front of their car. So, whatever view may be taken of the testimony, speed had little or no effect in producing the results. The testimony of Mr. Ford had so slight, if any, bearing on the question of negligence that it cannot be said to have made any material change in the record. We have examined all of the evidence and think this record and that on the first appeal are substantially the same. It follows that the decision of this court on the weight of the evidence in the first record was made the law of the case and was binding on the trial court in the subsequent trial. His failure to follow it was error.

But the defendants contend they were entitled to a new trial for other reasons, and have filed a cross-appeal in which it is insisted that the verdict is excessive and that the court erred in his instructions to the jury.

The charge complained of is as follows:

"If you find by a preponderance of the evidence that defendant was driving to the east of the center of the street, that is a violation of the city ordinance that I have read to you, and is evidence of negligence—not negligence in and of itself; and if you find in addition that it was the proximate cause of this accident, then the defendants were negligent."

The ordinance referred to provides:

"Vehicles shall keep to the right side of the street, except when necessary to turn to the left in crossing or in overtaking another vehicle."

It will be noted that the exception stated in the ordinance was omitted by the court in that portion of the given charge. Defendants say this omission was prejudicial because the testimony showed that at the time of the accident they were passing cars parked on the right side of the street. This contention is without merit because immediately preceding the reference to the ordinance the court said:

"A driver does have a right to drive to the left of the center of the street, if he has to do so in order to avoid cars parked on the right side of the street."

Considering all that was said on the subject, the charge, though not strictly correct, was without prejudice to the defendants.

It is further claimed by the defendants that the verdict of $4,500 is excessive.

The injury was to the right knee. He was confined to his bed for five months, was unable to walk for ten months and then only with assistance. Following the injury, infection set in. It was necessary to open the infected tissues and put in drainage tubes about the knee to drain off the pus and infection. Dr. William H. Veenboer, who treated him at that time, testified:

"The condition of the infection was that the tissues above and in and around the joint and below the joint, in the back part of the leg below the joint, was very much swollen and inflamed and contained considerable pus. That condition continued for a long time. * * * The boy suffered greatly at the time. The putting in of these tubes would cause pain. Of course, he was under an anesthetic when they were put in, but afterwards the tubes had to be irrigated and dressed and every dressing was painful. * * *

"Q. What did you find the condition of the knee to be today?

"*A.*    The knee is swollen, deformed to a certain extent, and larger than the left knee and the muscle and tissues above and below the joint are wasted away from the disease, as they have been every time I have seen him in the last several years.    That is the condition today.    The injury took place six years ago; that is the 16th of May, 1924.    \* \* \* In my opinion the condition as it is today is permanent. There will be very little improvement; there has been very little change in the last four years.    I remember seeing him four years ago.    He has grown, but the function and use of the leg has not changed much, and the condition of atrophy has not improved, or the swelling to the knee has not grown smaller.    \* \* \* There is deformity in the knee-cap.    The knee-cap is flattened, and the bursa is more or less eliminated, and there are thickenings that can be felt in various places in the cartilage on the end of the bone."

Physicians who testified for the defendants disagreed with Dr. Veenboer as to the extent of the permanency of the injuries, but all agreed that there is a permanent deformity to the knee.    The evidence leaves no doubt that the plaintiff was seriously and permanently injured.    The jury, under proper instructions from the court, fixed his damages at $4,500.    It is not claimed that they were influenced in the least by partiality or prejudice.    Their verdict is within the evidence and ought not to be disturbed.

The record presents no reversible error except as to the order of the court in setting aside the verdict on the ground that it was against the great weight of the evidence.    That order is set aside and the cause remanded for the entry of judgment on the verdict in favor of the plaintiff, with costs.

BUTZEL, C. J., and WIEST, CLARK, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.