ESTON v. ROBERT BROWN, LIMITED.

1. STIPULATIONS — SUMMARY JUDGMENT — DISPUTED QUESTIONS OF
FACT.

In action to recover commissions for sales of liquor in plaintiff's
territory during unexpired term of contract of agency which
plaintiff claims had been wrongfully terminated, stipulation
that number of cases sold, as appearing in a certain affidavit,
would be accepted as correct in case a contract were found to
exist *held*, not to preclude raising issue of fact as to net amount
of damages sustained by plaintiff, where plaintiff's affidavit
for summary judgment in such respect is contradicted in de-
fendant's affidavits of merits stating that it was necessary for
plaintiff to spend certain sums in connection with conduct of
such business and that plaintiff's successor did spend large
sums in effecting such sales as were made.

2. TRIAL — MOTION TO DISMISS — SUMMARY JUDGMENT — HEARING ON
MERITS — PRETRIAL CALL — LOCAL COURT RULE.

Trial court's rendition of judgment for plaintiff in action of as-
sumpsit on contract for commissions *held*, error where præcipe
for hearing, under practice established by local court rule, was
being held on pretrial call awaiting disposition of defendant's
motion to dismiss and plaintiff's motion for summary judg-
ment where such motions were heard simultaneously and it ap-
peared that decision of the case necessarily involved the de-
termination of a controverted issue of fact and case had not
been assigned for hearing on the merits.

3. JUDGMENT — SUMMARY JUDGMENT — QUESTION FOR COURT TO DETER-
MINE.

The province of the court, on motion for summary judgment, is
to determine judicially from the pleadings and affidavits
whether there is an issue of fact which, if resolved in favor of
defendant, would preclude a verdict for plaintiff in whole or in
part of his demand (Court Rule No. 30 [1933]).

Appeal from Wayne; Cramton (Louis C.), J., presiding. Submitted October 13, 1938. (Docket No. 53, Calendar No. 40,218.) Decided December 21, 1938.

Assumpsit by Louis M. Eston against Robert Brown, Limited, a foreign corporation, for commissions due on sale of liquor. Judgment for plaintiff. Defendant appeals. Reversed and remanded for trial.

*Harold Goodman,* for plaintiff.

*Wiley, Streeter & Ford,* for defendant.

NORTH, J. This suit is for commissions claimed by plaintiff on the sale of liquor by defendant to the Michigan Liquor Control Commission during a period covered by a contract which plaintiff claims he had with defendant as its Michigan representative for a period of two years ending March 6, 1937. Plaintiff claims that in March, 1936, defendant wrongfully terminated the agency, and this suit is for the commissions on liquor sales during the unexpired term of the alleged contract. It also involves a few other minor items. The sales for the period in controversy were made through Seagram Distillers Corporation, acting as an agency for defendant in the capacity formerly occupied by plaintiff. Defendant answered and made a motion to dismiss. Plaintiff filed a motion for summary judgment with affidavits in support thereof. Defendant filed affidavits of merits. These two motions were heard simultaneously. On an adjourned day of the hearing the circuit judge, a jury having been waived, disposed of the case on its merits over defendant's objection. He denied defendant's motion to dismiss and rendered a judgment for plaintiff in the amount of $5,125.30. Defendant has appealed.

Appellant asks reversal for the reason that on this hearing of plaintiff's motion for summary judgment it developed there was a controversy as to at least one material issue of fact: *i. e.,* the amount of damages. Appellee claimed that the attorneys had entered into a written stipulation which controlled the amount of damages to be recovered by plaintiff in event the alleged agency was found; and therefore there could be no controverted issue of fact on the damage phase of the case. The stipulation upon which appellee relies reads as follows:

"It is hereby stipulated and agreed, by and between the parties to the above entitled cause, by their respective attorneys, that if a contract exists as alleged in the plaintiff's declaration that plaintiff is entitled to recover damages for the breach of said contract, and that, subject to check for accuracy, the number of cases specified in the affidavit of the secretary of the Michigan Liquor Commission attached to the motion for summary judgment will be accepted by defendant as correct."

Early in the hearing before the circuit judge it was apparent that the attorneys for the respective litigants were not in accord as to the purport of the above stipulation. In brief, appellant's counsel pointed out that the stipulation provided only that in event the alleged agency was found to exist recovery of damages for its breach would be based upon the number of cases of liquor shown to have been sold to the Michigan Liquor Control Commission by the affidavit of the secretary of that commission. While it was an undisputed fact that plaintiff's rate of commission was seven shillings (approximately $1.71) per case, we are unable to find in this record that it is stipulated or anywhere conceded to be the fact that plaintiff's damages, in event

of recovery, should be computed at the rate of seven shillings per case. Instead it appears from the record that defendant claimed plaintiff would have been subjected to expense in making the sales and therefore his actual loss or damage would be the net profit or commission per case. What this amount would be, nowhere appears in this record. There was no equivocation about the position of appellant's counsel, who at the outset of the hearing stated to the court and opposing counsel:

"I don't want to be misunderstood now, as agreeing, as a matter of law, that the damages amount to seven shillings a case. * * *

"*The Court* (interrupting): The stipulation certainly did not cover that.

"*Mr. Streeter:* No. I will agree to this, that if there is a contract in existence as plaintiff alleges, that the commission to be paid was seven shillings per case. * * * Now, whether that commission is the final measure of damages or not, is a matter for the court. I don't know."

In an affidavit in support of plaintiff's motion for summary judgment it is stated:

"That in the taking of said orders, had plaintiff taken them and in handling all business incidental thereto, the plaintiff would not have incurred any further or additional expense, and that the said plaintiff was entitled to the commission of seven shillings per case upon said business."

This material fact stated in plaintiff's affidavit is contradicted in one of the affidavits of merits filed for defendant wherein it is said:

"And deponent further says that in connection with said work it was necessary for, and required of, the plaintiff that he expend such sums as are incidental to the conduct of such business."

And in a supplemental affidavit of merits a further showing is made that plaintiff's successor in the agency in making the sale of the liquor upon which plaintiff now asserts the right to recover a commission, expended large sums of money.

Appellee's contention as to the proper construction to be placed upon the stipulation hereinbefore quoted cannot be sustained; and it is too clear for argument that there was a disputed issue of fact which was essential to determination of plaintiff's suit.

Either by reason of adopting appellee's construction of the stipulation, or because he understood that counsel for defendant in open court consented thereto, the trial judge concluded that notwithstanding the matter originally came to him on motion for summary judgment, he could and would proceed to dispose of the case on its merits. With that in mind he tendered opportunity to defendant's counsel to produce proof. Counsel declined to do so, at least none was produced. The record is conclusive that this case had not been assigned for hearing on the merits. Instead the praecipe for its hearing was being held on the pretrial call, awaiting the disposition of this motion for summary proceedings, this being in accordance with the practice established by rule in Wayne county. We are constrained to hold that the trial judge was in error in proceeding to dispose of this case on the merits, after it developed that decision in the case necessarily involved determination of a controverted issue of fact.

"The province of the court, on motion for summary judgment, is to determine judicially whether there is an issue of fact which, if resolved in favor of defendant, would preclude a verdict for plaintiff in whole or in part of his demand." *Baxter* v. *Szucs*, 248 Mich. 672.

See, also, *Peoples Wayne County Bank of Dearborn* v. *Harvey*, 268 Mich. 47; *Maser* v. *Gibbons*, 280 Mich. 621.   In this latter case we said:

"Court Rule No. 30 (1933), is determinative in applications for summary judgments, and one should not be entered where an issue as to a material fact is raised by the pleadings and affidavits. *McDonald* v. *Staples*, 271 Mich. 590."

For the reason hereinbefore indicated the judgment entered must be vacated and the case remanded for trial.   Costs to appellant.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.   BUTZEL, J., did not sit.