ESTON *v*. ROBERT BROWN, LIMITED.

1. Appeal and Error—Law of the Case—Former Appeal.
    Where question presented and decided on former appeal did not go to the merits, decision therein is not controlling of appeal in which merits are involved.

2. Contracts—Burden of Proving Existence.
    The burden of establishing the contract under which a suit is brought is upon the party seeking to recover for breach thereof.

3. Same—Principal and Agent—Duration of Contract—Termination.
    In plaintiff's action for commissions due under an alleged agency contract for sale of liquor, where correspondence from which contract is alleged to have resulted showed that the only matter of dispute between the parties was the duration of the contract or the right to terminate it but no meeting of the minds upon such point, an enforceable contract was not consummated under which recovery could be had for commissions claimed thereunder for sales made after defendant had terminated the agency.

Acceptance, see 1 Restatement, Contracts, §§ 26, 71.

Appeal from Wayne; Taylor (Mark D.), J. Submitted June 13, 1940. (Docket No. 78, Calendar No. 41,191.) Decided October 7, 1940. Rehearing denied November 13, 1940.

Assumpsit by Louis M. Eston against Robert Brown, Limited, a foreign corporation, for commissions due on sale of liquor. From judgment rendered, plaintiff appeals. Affirmed.

*Harold Goodman,* for plaintiff.

*Wiley, Streeter & Ford,* for defendant.

North, J. In this suit plaintiff seeks to recover damages for an alleged breach of contract by defendant. It is plaintiff's claim that, except for defendant's breach of the contract, commissions in the amount of $6,063.40 would have accrued to him as a broker incident to the sale of defendant's scotch whisky, and he also claims there is due him $45.29 for necessary expenses. Plaintiff based his claim upon an alleged express contract *for a period of two years.* On trial without a jury the circuit judge held plaintiff did not establish the alleged contract. From a judgment for plaintiff in the amount of $45.29 he has appealed.

This controversy was here on a former appeal, 287 Mich. 44; but the question then presented and decided did not go to the merits and is not controlling of the present appeal. Defendant is a corporation organized under the laws of Great Britain and has its principal place of business in the city of Glasgow, Scotland. Plaintiff, a resident of Detroit, was in the commission business and prior to March, 1935, had been selling scotch whisky for defendant. In a letter of October 31, 1934, plaintiff asked defendant for a commission agreement for a period of five years. January 3, 1935, defend-

ant agreed to give plaintiff a commission of 7 shillings per case; but declined to give plaintiff a five-year contract. February 21, 1935, plaintiff wrote defendant:

"It seems to me I am justly entitled to the contract in accordance with my views."

March 6, 1935, defendant acknowledged receipt of plaintiff's letter of February 21, 1935, and again declined to give plaintiff a five-year contract. Defendant wrote:

"We * * * will grant you the agency for two years, *after the style of the inclosed draft copy,* provided the life of the Michigan Liquor Control Commission continues so long."

Simultaneously with the above letter defendant forwarded to plaintiff the "draft copy" or printed blank form of a contract. This printed form included numerous provisions which were not at all applicable to the services which it was contemplated plaintiff would render defendant in the State of Michigan where the purchasing of liquor at wholesale was exclusively under the control of the Michigan Liquor Control Commission; but some of the provisions in the blank form were applicable. Among these latter was the following:

"Fourteenthly—Either party to this agreement shall be entitled to terminate the same at the end of one year, or at any time thereafter upon giving to the other party three months' notice in writing of their intention so to do, and it is hereby agreed that notice of termination by cablegram is to be taken as equivalent to notice in writing."

On March 25, 1935, plaintiff wrote defendant:

"I wish to acknowledge receipt of your letter of the 6th, wherein you appoint me your agent, for the

State of Michigan, for a period of two years, acting for you in the sale and distribution of Four Crown and Old Priory, provided, Liquor Control Commission is still in existence."

Thereafter and on April 16, 1935, defendant wrote plaintiff a letter the pertinent part of which reads:

"In regard to your letter of 25th March, we can only express our appreciation of the hard work you are doing, and whilst we have no agency agreements anywhere where the liquor situation is handled by State control, yet we can only say if you continue to look after our interests as you have done and secure a good share of the business, we see no reason why the arrangement should not continue for a further period at the end of two years, provided the Liquor Control Commission is still in existence."

If there was any agreement between these parties which made plaintiff defendant's agent *for a fixed term,* it must be found in the above-quoted correspondence. Subsequent to this correspondence, the same as during a somewhat extended period prior thereto, plaintiff continued to act as a sales agent for defendant until March 13, 1936. On that date defendant advised plaintiff as follows:

"As the writer informed you while in Detroit this company has decided, so far as the United States are concerned, to give the distribution to Seagram-Distillers Corporation, New York, with whom we hope you will be able to come to some mutually satisfactory arrangement."

On the last above-noted date defendant also notified the Michigan liquor control commission, and thereafter, sales in Michigan of defendant's whisky were made through Seagram-Distillers Corporation. It will be observed that defendant's notice to plaintiff of the termination of their relationship was one year after the inception of the alleged contract under

which plaintiff seeks to recover; and it is plaintiff's contention that he is entitled to the commissions on defendant's liquor sold in Michigan for the balance of the period of two years from March, 1935. Defendant asserts that a contract was never consummated between the parties whereby plaintiff had an agency for a fixed period, but instead the relationship was one terminable at the pleasure of either party.

The burden of establishing the controverted issue was upon plaintiff. A careful review of this record brings the conclusion that plaintiff has not established the essential fact of a meeting of minds between these respective parties as to plaintiff having a two-year contract which in the interim was not subject to termination by defendant. As we review this record, the only offer of one of these parties to the other looking towards the consummation of the contract relation was that in defendant's letter of March 6, 1935, which was accompanied by a printed form of contract. At that time the only element of the contract as to which the parties were not in accord was that of embodying therein a fixed term of duration. Defendant accompanied its letter with a printed form of contract and it was in this connection that defendant wrote plaintiff "we * * * will grant you the agency for two years, *after the style of the inclosed draft copy.*" We have quoted above the fourteenth provision of the printed form wherein it is plainly stated:

"Either party to this agreement shall be entitled to terminate the same at the end of one year, or at any time thereafter upon giving to the other party three months' notice."

We are convinced that this provision as to the duration of the contract or the right to terminate it was considered by defendant as its offer or proposal

covering the only phase of the contract upon which the parties had not already agreed. But plaintiff did not accept the proposal nor do we think his letter in reply should be construed to be a counter-proposal. Instead plaintiff continued thereafter to represent defendant as he had been doing for months prior thereto. Plaintiff's letter of March 25, 1935, instead of being a counter-offer, specifically states that it is an acknowledgment of defendant's letter appointing plaintiff as defendant's agent; and in connection with defendant's letter to plaintiff we think it is apparent that defendant understood that the provision from the printed form of contract as to the right to terminate the agency at the end of one year was to be considered a part of plaintiff's contract which would otherwise run for a period of two years. But under his own testimony plaintiff did not so understand defendant's offer, nor did he intend that his acceptance would result in the consummation of a contract embodying the one-year provision for its termination. Under such circumstances we think the only fair conclusion sustainable by this record is that there was never a meeting of minds between these two parties. Such being the fact it follows that an enforceable contract was never consummated between the parties and plaintiff is not entitled to recover damages in the amount sought. There is no controversy as to his right to recover the item of $45.29 for which he had judgment in the trial court. The judgment entered is affirmed, with costs of this court to appellee.

Bushnell, C. J., and Sharpe, Chandler, McAllister, Wiest, and Butzel, JJ., concurred. The late Justice Potter took no part in this decision.