BORKUS v MICHIGAN NATIONAL BANK

Docket No. 56730. Submitted February 11, 1982, at Detroit.—Decided
    July 12, 1982. Leave to appeal applied for.

On December 1, 1971, defendant, Michigan National Bank,
    loaned plaintiff, Arlene J. Borkus, and her then-husband $25,-
    000 to purchase a parcel of commercial property. Michigan
    National took as security for the loan a first mortgage on the
    commercial property and a security interest in their residence,
    which they owned subject to a prior mortgage. Plaintiff's for-
    mer husband executed a quitclaim deed to the residential
    property to plaintiff in 1975. The loan went into default in 1976
    and defendant purchased both properties at a foreclosure sale
    on May 13, 1977. In October, 1977, plaintiff brought an action
    in the Oakland Circuit Court to set aside the sale of the
    residence. During the proceedings, plaintiff sold the Southfield
    property. By stipulation, $13,706.17 was agreed to represent
    defendant's interest in the property and the amount required
    to redeem it. The trial court granted defendant's motion for
    summary judgment and the sum of $13,706.17 was paid to the
    defendant. Defendant appealed and the Court of Appeals, in an
    unpublished opinion, reversed the grant of summary judgment
    and remanded the case for a determination of the nature of the
    loan and validity of the second mortgage. After a bench trial,
    the court, James S. Thorburn, J., entered judgment for plaintiff
    in the amount of $13,706.17 plus interest of $3,028.49, costs of
    $159, and $4,200 in attorney fees. The court found that the
    loan was a mortgage loan, not an installment loan and not
    based on plaintiff's general credit rating, and that defendant
    was not authorized under federal and state law to take a

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 746, 758.
[2] 73 Am Jur 2d, Statutes §§ 145, 146, 250.
[3] 10 Am Jur 2d, Banks § 271.
[4] 73 Am Jur 2d, Statutes § 178.
[5] 73 Am Jur 2d, Statutes § 354.
[6] 5 Am Jur 2d, Appeal and Error § 839.
[7] 5 Am Jur 2d, Appeal and Error §§ 635, 636.

second mortgage as security for a mortgage loan in 1971. Defendant appealed. *Held:*

1. The law of the case doctrine does not bar review of the issues raised by defendant.

2. Plaintiff had standing to bring the suit alleging violation of federal and state banking laws.

3. Defendant was not authorized to take a second mortgage as security for a mortgage loan. The mortgage is invalid.

4. The issue of whether or not the trial court's findings are against the great weight of the evidence is preserved for appeal only by a motion for a new trial. Defendant failed to preserve the issue for appeal.

Affirmed.

1. APPEAL — LAW OF THE CASE.

The law of the case doctrine does not apply to the second appeal, where an order of summary judgment is reversed and the case is returned for trial because an issue of material fact exists, because the first appeal was not decided on the merits.

2. STATUTES — JUDICIAL CONSTRUCTION.

The fundamental rule of construction of statutes is to ascertain and give effect to the intention of the Legislature; seeming inconsistencies in the various provisions of the statute should be reconciled, if possible, so as to arrive at a meaning which gives effect to all parts of the statute.

3. BANKS AND BANKING — ACTIONS — STANDING.

A bank customer or mortgagor may bring an action against a national bank for violation of the federal or state banking laws.

4. STATUTES — JUDICIAL CONSTRUCTION — AMENDMENTS.

An amendment to a statute is to be construed as changing the meaning of the statute unless a different intent is manifest.

5. STATUTES — RETROACTIVITY.

Statutes relating to remedies or modes of procedure will be given retrospective effect only if they do not create or take away vested rights or defenses.

6. APPEAL — FINDINGS OF FACT — BENCH TRIAL.

A finding of fact by a court sitting in a bench trial is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed (GCR 1963, 517.1).

7. NEW TRIAL — VERDICTS — EVIDENCE — PRESERVING QUESTION.
   The issue of whether or not the trial court's findings are against
   the great weight of the evidence is preserved for appeal only by
   a motion for a new trial.

*Weiner, Hauser, Wartell & Roth* (by *J. Laevin Weiner* and *Harvey R. Heller*), for plaintiff.

*August, Thompson, Sherr, Clarke, Shafer & Shepman, P.C.,* for defendant.

Before: D. C. RILEY, P.J., and D. E. HOLBROOK, JR., and M. J. KELLY, JJ.

M. J. KELLY, J. This appeal presents an issue of first impression regarding the authority of a national bank to obtain a second mortgage as security for a real estate loan under the federal and state banking acts as written in 1971.

I

Plaintiff and her former husband owned a single-family residence in Southfield subject to a first mortgage and were buying a parcel of commercial property in Detroit on a land contract. On December 1, 1971, the defendant loaned $25,000 to plaintiff and her former husband to satisfy the balance of the land contract at 7% per annum in advance, or 12.15% per annum in simple interest, over a seven-year term. Plaintiff and her husband gave defendant a promissory note for $37,264.92 and defendant acquired a first mortgage position on the Detroit parcel and a second mortgage on the Southfield parcel. Plaintiff and her husband were divorced in 1975. Plaintiff's former husband conveyed by quitclaim deed to plaintiff his interest in the Southfield property.

The loan went into default in late 1976 and defendant commenced foreclosure by advertisement on both the Detroit and Southfield properties. At the foreclosure sale, May 13, 1977, defendant purchased the properties for bids of $399.55 on the Detroit parcel, and $12,021.28 on the Southfield parcel.

At the time defendant made the loan the Detroit parcel had a fair market value of $55,000 with $15,000 still owing on the land contract. The Southfield parcel had a fair market value of $40,000, with $25,000 still owing under the first mortgage.

In October, 1977, plaintiff filed a complaint to set aside the foreclosure proceedings on the Southfield parcel only. During the proceedings, plaintiff sold the Southfield property. By stipulation, $13,706.17 was agreed to represent defendant's interest in the property and the amount required to redeem it. The trial court granted defendant's motion for summary judgment and the sum of $13,706.17 was paid to the defendant.

On appeal, the Court of Appeals, in an unpublished opinion, reversed the grant of summary judgment and remanded the case for a determination of the nature of the loan and validity of the second mortgage.

After a bench trial, the court entered judgment for plaintiff in the amount of $13,706.17 plus interest of $3,028.49, costs of $159, and $4,200 in attorney fees. The court found that the loan was a mortgage loan, not an installment loan, and not based on plaintiff's general credit rating.

Defendant appeals as of right, GCR 1963, 806.1.

II

On appeal, plaintiff argues that we need not consider defendant's appeal because the issues raised were decided when this case was first appealed to this Court. According to plaintiff, the law of the case doctrine bars our examination of the issues raised by defendant in this appeal.

In *CAF Investment Co v Saginaw Twp,* 410 Mich 428, 454; 302 NW2d 164 (1981), the Supreme Court examined the law of the case doctrine stating:

"The law of the case doctrine dispenses with the need for this Court to again consider legal questions determined by our prior decision and necessary to it. As generally stated, the doctrine is that if an appellate court has passed on a legal question and remanded the case for further proceedings, the legal questions thus determined by the appellate court will not be differently determined on a subsequent appeal in the same case where the facts remain materially the same. *Corporation & Securities Comm v American Motors Corp,* 379 Mich 531; 152 NW2d 666 (1967); *Palazzolo v Sackett,* 254 Mich 289; 236 NW 786 (1931); *American Ins Co of Newark v Martinek,* 216 Mich 421; 185 NW 683 (1921); *Allen v Michigan Bell Telephone Co,* 61 Mich App 62; 232 NW2d 302 (1975); *Topps-Toeller, Inc v Lansing,* 47 Mich App 720; 209 NW2d 843 (1973)."

Where an order of summary judgment is reversed and the case is returned for trial because an issue of material fact exists, the law of the case doctrine does not apply to the second appeal because the first appeal was not decided on the merits. See *Eaton v Robert Brown, Ltd,* 294 Mich 675, 676; 293 NW2d 904 (1940).

In this case, defendant successfully moved for

summary judgment pursuant to GCR 1963, 117.2(3). On appeal, this Court found that issues of material fact did exist and reversed the summary judgment. This decision did not determine the merits of plaintiff's or defendant's claim but only determined that factual questions existed. Since our first decision did not reach the merits of defendant's claimed defenses, the law of the case doctrine does not bar this appeal.

## III

Defendant argues that plaintiff does not have standing to bring this action. According to defendant, only the comptroller of the currency has the power to question a national bank's ability to enter into a loan agreement. In support of this position, defendant cites 12 USC 371(g), which states that loans made pursuant to 12 USC 371 shall be subject to such conditions and limitations as the comptroller of the currency may prescribe by rule or regulation.

The primary rule of statutory construction is to give effect to the intent of the legislature that enacted the statute. *Bennetts v State Employees Retirement Board,* 95 Mich App 616, 622; 291 NW2d 147 (1980). Seeming inconsistencies in different provisions of a statute should be reconciled if possible so as to arrive at a meaning that gives appropriate effect to all parts of the statute. *Arbor Sales, Inc v Dep't of Treasury,* 104 Mich App 181, 185; 304 NW2d 522 (1981).

The statute relied upon by defendant does not prohibit a bank customer or mortgagor from bringing an action against a national bank for violation of the statute. 12 USC 371(g) merely subjects loans

made pursuant to the statute to the rules and regulations established by the comptroller of the currency. Furthermore, 12 USC 24 allows a national bank to sue or be sued as fully as a natural person. If we were to accept defendant's interpretation of 12 USC 371(g), we would nullify 12 USC 24, and a mortgagor would be unable to bring a cause of action against a bank which was violating federal law. We refuse to give the statute such a restrictive interpretation.

## IV

Defendant's main contention on appeal is that a national bank could secure a 1971 loan by taking a second mortgage on the borrower's residential property. According to defendant, both federal and state banking laws permitted the taking of a second mortgage.

Relying on federal law, defendant initially argues that second-mortgage loans were authorized by 12 USC 371(a)(1). In 1971, when the loan in question was made, the statute read in pertinent part:

"Any national banking association may make real-estate loans secured by first liens upon improved real estate, including improved farm land and improved business and residential properties."

In 1974, the statute was amended to delete any reference to first liens. Pub L 93-383; 12 USC 371(a)(1).

Unless a different intent is manifest, an amendment to a statute is construed as changing the meaning of the statute. *Reinelt v Public School Employees' Retirement Board,* 87 Mich App 769,

774; 276 NW2d 858 (1979). As a rule, when amendments relate only to remedy or procedure, they may be given retrospective construction. *Kalamazoo City Education Ass'n v Kalamazoo Public Schools,* 406 Mich 579, 601; 281 NW2d 454 (1979). A statute will be given prospective effect and will not invalidate a defense which existed prior to its enactment. *Davis v Wechsler,* 263 US 22, 25; 44 S Ct 13; 68 L Ed 146 (1923).

In this case, Congress changed the language of 12 USC 371(a)(1) by deleting any reference to "first" liens. This deletion allowed a national bank to give a second mortgage on property after 1974. Prior to the amendment, a national bank could not take a second mortgage on property, and plaintiff could have raised the illegality of the second mortgage as a defense. This was a substantive right which was not destroyed by the amendment. At the time the loan was made, the bank could not take a second mortgage on plaintiff's property under federal law. Therefore, 12 USC 371(a)(1) does not justify defendant's second mortgage.

Defendant also argues that the loan was a commercial loan pursuant to 12 USC 371(e). The relevant statute states:

"Loans made to any borrower (i) where the association looks for repayment by relying primarily on the borrower's general credit standing and forecast of income, with or without other security, or (ii) secured by an assignment of rents under a lease, and where, in either case described in clause (i) or (ii) above, the association wishes to take a mortgage, deed of trust, or other instrument upon real estate (whether or not constituting a first lien) as a precaution against contingencies, and loans in which the Small Business Administration cooperates through agreements to participate on an immediate or deferred or guaranteed basis under the Small Business Act, shall not be considered as real

estate loans within the meaning of this section but shall be classed as commercial loans."

The trial court rejected defendant's argument, finding the loan was a mortgage not a commercial loan.

GCR 1963, 517.1 governs our review of a trial court's findings of fact and we will not set aside the trial court's findings unless they are clearly erroneous. A finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. *Tuttle v Dep't of State Highways,* 397 Mich 44, 46; 243 NW2d 244 (1976).

The evidence produced at trial established that plaintiff and her husband earned $24,500 a year and were able to pay their debts. Defendant's executive vice president testified that the determining factor in defendant's decision to take collateral for the loan was the period of repayment and not the size of the loan or credit standing of plaintiff. However, the loan was made to satisfy the balance of the land contract on the commercial property. Furthermore, defendant took mortgages out on both pieces of property. After reviewing the evidence, we are not left with a definite and firm conviction that a mistake has been committed by the trial court when it found that the loan was not a commercial loan pursuant to 12 USC 371(e).

Defendant also argues that state law permitted the loan in question. According to defendant, MCL 438.31c(2); MSA 19.15(1c)(2) permitted the bank to loan plaintiff the money because the primary security on the loan was the first mortgage on the commercial property. Defendant further argues that MCL 487.494; MSA 23.710(194) permits a bank to take a second mortgage on property.

National banks are authorized to make any loan which a state bank or lender is allowed to make under state law. *Northway Lanes v Hackley Union National Bank & Trust Co,* 464 F2d 855, 863 (CA 6, 1972). In 1971, MCL 487.494; MSA 23.710(194) stated in relevant part:

"Any bank may make, participate in or purchase in whole or in part first mortgage real estate loans secured by liens on real estate or leaseholds. * * * The restrictions of this section shall not apply to any loan where an interest in real estate is taken as security for a nonreal estate loan previously contracted in good faith or where an interest in real estate is taken as security for a loan to an industrial or commercial business and where the bank is relying primarily on the borrower's general credit standing."

In 1978, the act was amended deleting any reference to first mortgage and allowing a specific rate of interest on second mortgages. 1978 PA 293. Since the amendment changed a substantive right belonging to plaintiff, we will not give it retroactive effect. *Kalamazoo Public Schools, supra,* 601. At the time the loan was made, MCL 487.494; MSA 23.710(194) did not authorize a state or national bank to take a second mortgage on property.

However, defendant argues that MCL 438.31c(2); MSA 19.15(1c)(2) allowed the bank to take a second mortgage on plaintiff's home because the primary security for the loan was the first lien on the commercial property. While MCL 438.31c(2); MSA 19.15(1c)(2) supports defendant's security on the commercial property, it does not authorize the bank's taking a second mortgage on plaintiff's property. If we accepted defendant's argument, MCL 487.494; MSA 23.710(194), which allowed only first mortgages on real estate in 1971, would

be nullified. It is an important principle of statutory construction that apparently conflicting statutes should be construed, if possible, to give each full force and effect. *Krim v Commercial Union Assurance Co,* 94 Mich App 639, 642; 288 NW2d 463 (1980), *lv den* 409 Mich 875 (1980). We read MCL 438.31c(2); MSA 19.15(1c)(2) as authorizing loans secured by first liens but not as authorizing loans secured by both a first and second mortgage.

Finally, defendant argues that the loan was a valid installment loan, MCL 487.491(c); MSA 23.710(191)(c), and argues that the trial court's finding that it was not an installment loan was against the great weight of the evidence. Whether a verdict is against the great weight of evidence can only be raised by a motion for a new trial. *Froling v Bischoff,* 73 Mich App 496, 504; 252 NW2d 832 (1977). Where a motion for a new trial was not made, this Court will not review an allegation that the verdict was against the great weight of the evidence. *Groth v DeGrandchamp,* 71 Mich App 439, 446; 248 NW2d 576 (1976), *lv den* 400 Mich 808 (1977). Defendant's failure to move for a new trial precludes review of this issue.

The second mortgage on plaintiff's home was contrary to both federal and state law. The mortgage was invalid and the trial court's decision is affirmed. Because of our resolution of this issue, we need not address defendant's other issues.

Affirmed.